UNITED STATES of America,
Plaintiff-Appellee,

v.

Peter H. JOE, Defendant-Appellant.

No. 71-1151.

United States Court of Appeals,
Tenth Circuit.

Dec. 27, 1971.

Rehearing Denied Jan. 26, 1972.

Victor R. Ortega and Richard J. Smith, Asst. U. S. Atty., Albuquerque, N. M., for plaintiff-appellee.

Jack L. Love, Albuquerque, N. M., for defendant-appellant.

Before HOLLOWAY and DOYLE, Circuit Judges, and DAUGHERTY, District Judge.

DAUGHERTY, District Judge.

The Defendant-Appellant Joe was convicted of rape within the Indian country in violation of 18 U.S.C. § 1153.[1] Both the Defendant and the victim were Indians.

At the trial the Defendant tendered requested jury instructions which pro-

---

1. This Statute provides:

"§ 1153. Offenses committed within Indian country

Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, murder, manslaughter, rape, carnal knowledge of any female, not his wife, who has not attained the age of sixteen years, assault with intent to commit rape, incest, assault with intent to kill, assault with a dangerous weapon, assault resulting in serious bodily injury, arson, burglary, robbery, and larceny within the Indian country, shall be subject to the same laws and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.

As used in this section, the offenses of rape and assault with intent to commit rape shall be defined in accordance with the laws of the State in which the offense was committed, and any Indian who commits the offenses of rape or assault with intent to commit rape upon any female Indian within the Indian country shall be imprisoned at the discretion of the court.

As used in this section, the offenses of burglary, assault with a dangerous weapon, assault resulting in serious bodily injury, and incest shall be defined and punished in accordance with the laws of the State in which such offense was committed."

vided that the Defendant could be convicted of "simple assault," "battery" or "attempted rape" as lesser included offenses of the crime of rape, asserting in support of the tender that there was evidence in the case that the Defendant due to intoxication did not effect penetration of the victim and might therefore be guilty of only one of the lesser offenses. The Court refused the tendered instructions and submitted the case on the crime of rape alone.

It is the contention of the Defendant that because 18 U.S.C. § 1153 provides that the offense of rape shall be defined in accordance with the laws of the State in which the offense was committed (here New Mexico) and because under the laws of New Mexico the crimes of simple assault, battery and attempted rape are lesser included offenses of the crime of rape, that the trial court committed error in refusing his requested instructions. The Defendant also asserts that Rule 31(c), Federal Rules of Criminal Procedure [2] and 18 U.S.C. § 113(e) [3] each support his contention. It is the contention of the Government that the crimes listed in 18 U.S.C. § 1153 are exclusive of all others, that said Statute looks to the State law for the single purpose of the definition of the offense of rape and for no other purpose and that as 18 U.S.C. § 1153 itself contains lesser included offenses (Example: murder and manslaughter, rape and assault with intent to commit rape) it was not the Congressional intent to expand the offenses prohibited by the Statute beyond these specifically enumerated.

■ We agree with the Government in its interpretation of 18 U.S.C. § 1153. The Statute does not look to State law for the purpose of making its lesser included State offenses Federal offenses proscribed by the Statute. The sole purpose of looking to State law under the Statute is to obtain the definition of the offense of rape (and certain other named offenses) and only the definition. [4] This interpretation is not only compelled by the plain language of the Statute but is also required by the fact that in enacting the Statute, Congress specifically included certain lesser included offenses and is deemed to have done so to the exclusion of all others else they would also have been named.

■ Moreover, as to Defendant's requested "attempted rape" instruction, it is well settled that the only attempts to commit crimes which are made Federal crimes are those specifically so proscribed by Federal law. United States v. Padilla, 374 F.2d 782 (2nd Cir. 1967). Attempted rape is not listed in 18 U.S.C. § 1153.

The Trial Court properly refused the requested instructions.

Affirmed.

2. This Rule reads:

"(c) Conviction of Less Offense. The defendant may be found guilty of an offense necessarily included in the offense charged or of an attempt to commit either the offense charged or an offense necessarily included therein if the attempt is an offense."

This Rule does not aid Defendant for there are no necessarily included offenses in 18 U.S.C. § 1153. The only offenses proscribed by the Statute are those specifically enumerated therein. The three offenses urged by Defendant as lesser included offenses are not proscribed by the Statute. And as to an attempt to commit either the offense charged or an offense necessarily included herein if the attempt is an offense, attempted rape is not an offense proscribed by the Statute. Rule 31(c) thus had no application in this case.

3. 18 U.S.C. § 113(e) makes simple assault a Federal offense within the special maritime and territorial jurisdiction of the United States. 18 U.S.C. § 1152 provides that offenses committed within the jurisdiction of the United States shall extend to the Indian country but further provides that such shall not extend to offenses committed by one Indian against the person or property of another Indian as is the situation here. 18 U.S.C. § 113 (e) thus had no application in this case.

4. In defining the offense of rape, New Mexico does not undertake in its Statutory definition to either include or refer to any lesser included offenses. See Sec. 40A–9–2, New Mexico Statutes Annotated, 1953 Compilation.