**UNITED STATES, Appellee,**

v.

**Private First Class Keith J. CRAIG, SSN 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, United States Army, Appellant.**

**CM 442470.**

U. S. Army Court of Military Review.

17 Dec. 1982.

Captain William T. Wilson, JAGC, argued the cause for the appellant. With him on the brief were Colonel William G. Eckhardt, JAGC, Lieutenant Colonel R. Rex Brookshire II, JAGC, and Captain David M. England, JAGC.

Captain Karen A. Charbonneau, JAGC, argued the cause for the appellee. With her on the brief were Colonel R.R. Boller, JAGC, Lieutenant Colonel John T. Edwards, JAGC, and Captain Patrick M. Flachs, JAGC.

Before MILLER, KUCERA and BADAMI, Appellate Military Judges.

## OPINION OF THE COURT

BADAMI, Judge:

Appellant was convicted by a general court-martial of indecent assault and attempted kidnapping, in violation of Articles 134 and 80, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 934 and 880. He was sentenced to a bad-conduct discharge and confinement at hard labor for 15 months. He contends that the finding of guilty of attempted kidnapping should be dismissed because there is no such crime in the military and that the court erred in denying his motion to dismiss the indecent assault charge since the charges were multiplicious. We affirm.

The record shows that appellant attacked a female jogger when she was running on Aliamanu Drive, located at Aliamanu Military Reservation in Oahu, Hawaii. He grabbed her, and while threatening her with a knife, forced her into the front passenger side of his car. Appellant then closed the door and started around to the driver's side. The vehicle's engine was running. The victim opened the door, jumped out of the car and started running. Appellant caught her, threatened her again with the knife and again forcefully put her into the passenger side of the car, where he got on top of her, kissed her, and rubbed her vaginal area. Interrupted by some passersby, he grabbed the victim and got out of the car. The victim was able to break away and appellant fled the scene. A description of appellant, his car and license plate led to his apprehension the next day.

The Government chose to charge appellant with a violation of the federal kidnapping statute, 18 U.S.C. § 1201, as a

crime not capital under Article 134, UCMJ. He was convicted of attempted kidnapping in violation of Article 80, UCMJ. Since there is no crime of attempted kidnapping under the federal statutes applicable in this case,* he claims he cannot be convicted of such a crime by a military court. We do not agree. Article 80 of the UCMJ, 10 U.S.C. § 880 provides, in part:

> (b) Any person subject to this chapter who attempts to commit any offense *punishable by this chapter* shall be punished as a court-martial may direct, unless otherwise specifically prescribed. (Emphasis added.)

Since kidnapping is an offense made punishable under Article 134, UCMJ, attempted kidnapping is a military crime.

■ Alternatively, the accused could have been charged with kidnapping under Article 134, UCMJ, as an offense prejudicial to the good order and discipline of the armed service. *United States v. Scholten,* 14 M.J. 939 (A.C.M.R.1982). The absence of the allegation that the accused's conduct is prejudicial to good order and discipline would not be fatally defective. *Cf. United States v. Mayo,* 12 M.J. 286 (C.M.A.1982). Clearly, appellant could be convicted of attempted kidnapping under this theory. We see no reason to conclude that the accused was misled under either theory and conclude that the assignment of error is without merit.

■ We also disagree with appellant's contentions that the convictions were multiplicious. When appellant grabbed the victim and forced her into the car, the attempted kidnapping took place. Later, inside the car, the assault occurred. Since there were two separate and distinct crimes, there was no multiplicity. *See United States v. Burney,* 21 U.S.C.M.A. 71, 44 C.M.R. 125 (1971).

The findings of guilty and the sentence are affirmed.

Senior Judge MILLER and Judge KUCERA concur.

* Attempted kidnapping of internationally protected persons (*i.e.,* foreign dignitaries) is prohibited by 18 U.S.C. § 1201(a)(4). However, the victim in the case *sub judice* is not within the class of "internationally protected persons."