verse the lower court's ruling on the punitive damages claim.

**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Terrill Douglas HOPKINS,**
**Defendant-Appellant.**

**No. 82–1567.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 8, 1983.

Decided April 12, 1983.

---

John S. Moot, Federal Defender, San Diego, Cal., for defendant-appellant.

Hector E. Salitrero, Asst. U.S. Atty., argued, Peter K. Nunez, U.S. Atty., Hector E. Salitrero, Asst. U.S. Atty., on the brief, San Diego, Cal., for plaintiff-appellee.

Before ELY, SCHROEDER, and PREGERSON, Circuit Judges.

PREGERSON, Circuit Judge:

A jury convicted Hopkins of attempted bank robbery by intimidation in violation of 18 U.S.C. § 2113(a). He appeals.

On March 31, 1982, Hopkins entered a Crocker National Bank and presented a demand note to teller Oliaz. The note stated: "Give me all your hundreds, fifties and twenties. This is a robbery." When Oliaz replied that she had no hundreds or fifties, Hopkins stated: "Okay, then give me what you've got." Oliaz left the teller window, ostensibly to obtain money, and informed several bank employees that she was being robbed. After Oliaz entered the bank vault, Hopkins left the bank in a nonchalant manner. Oliaz testified that during the course of Hopkins' attempt she felt intimidated, frightened, and concerned for her unborn child.

■ Hopkins first argues that his conduct and demeanor were not sufficiently intimidating to support a conviction for robbery. Although the evidence showed that Hopkins spoke calmly, made no threats, and was clearly unarmed, we have previously held that "express threats of bodily harm, threatening body motions, or the physical possibility of concealed weapon[s]" are not required for a conviction for bank robbery by intimidation. *United States v. Bingham,* 628 F.2d 548, 549 (9th Cir.1980). We believe that the threats implicit in Hopkins' written and verbal demands for money provide sufficient evidence of intimidation to support the jury's verdict.

■ Hopkins next argues that the district court abused its discretion in refusing to modify the *Devitt & Blackmar* § 44.05 jury instruction on intimidation to conform to this court's suggestion in *United States v. Alsop,* 479 F.2d 65, 67 n. 4 (9th Cir.1973). The modified jury instruction set forth in *Alsop* states, in relevant part, "To take, or attempt to take, 'by intimidation' means wilfully to take, or attempt to take, in such a way that would put an *ordinary, reasonable person* in fear of bodily harm." *Id.* (emphasis added). The *Devitt & Blackmar* instruction adds that "A taking 'by intimidation' must be established by proof of one or more acts or statements, . . . under such circumstances, as would produce in the ordinary person fear of bodily harm." *Devitt & Blackmar* § 44.05 (emphasis added). We believe that the instruction as modified in *Alsop* more accurately states the law. As in *Alsop,* however, we cannot conclude that the district court abused its discretion in giving instruction § 44.05 from *Devitt & Blackmar.* To avoid needless appeals, district courts should, in place of *Devitt & Blackmar* § 44.05, give the modified version found in *Alsop.*

■ Finally, Hopkins argues that he was materially prejudiced by the trial court's refusal to instruct the jury on the lesser

offense of attempted bank larceny. There is no general federal "attempt" statute. A defendant therefore can only be found guilty of an attempt to commit a federal offense if the statute defining the offense also expressly proscribes an attempt. *United States v. Joe,* 452 F.2d 653, 654 (10th Cir.), *cert. denied,* 406 U.S. 931, 92 S.Ct. 1797, 32 L.Ed.2d 134 (1972). The bank larceny statute, 18 U.S.C. § 2113(b), does not mention attempts. The district court therefore properly refused to give appellant's proposed instruction.

The judgment of conviction is AFFIRMED.