UNITED STATES, Appellee,

v.

Private First Class Keith J. CRAIG,
U.S. Army, Appellant.

No. 45680.
CM 442470.

U.S. Court of Military Appeals.

Jan. 14, 1985.

For Appellant: *Captain Donna Chapin Maizel* (argued); *Colonel William G. Eckhardt, Colonel R. Rex Brookshire, II, Captain Warren G. Foote, Captain William T. Wilson* (on brief); *Major Robert C. Rhodes* and *Major Edwin V. Selby.*

For Appellee: *Captain Karen A. Charbonneau* (argued); *Lieutenant Colonel John T. Edwards* and *Major Joseph A. Rehyansky* (on brief); *Lieutenant Colonel Adrian J. Gravelle* and *Captain Patrick M. Flachs.*

Amicus Curiae on behalf of Appellant: *Colonel George R. Stevens* and *Captain John V. Sullivan* (on brief)—for Appellate Defense Division, USAF.

Amicus Curiae on behalf of Appellee: *Colonel Kenneth R. Rengert* and *Captain Brenda J. Hollis* (on brief)—for Appellate Government Division, USAF.

*Opinion of the Court*

EVERETT, Chief Judge:

Appellant's attack on a female who was jogging at the Aliamanu Military Reservation on Oahu, Hawaii, led to his being tried by general court-martial for kidnapping [1]

---

**1.** Specification 2 of the Charge against Craig read:

In that Private First Class Keith J. Craig, US Army, Battery C, 1st Battalion, 62d Air Defense Artillery, 25th Infantry Division, did, at Aliamanu Military Reservation, a military installation, on or about 2 January 1982, within the special maritime and territorial jurisdiction of the United States, unlawfully kidnap, seize, confine and abduct Mrs. Marla C. Yo-

and for assault with intent to commit rape—both offenses alleged as violations of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. He was convicted of attempted kidnapping[2] and indecent assault and was sentenced to a bad-conduct discharge and confinement at hard labor for 15 months.

After approval of these results by the convening authority, the Army Court of Military Review affirmed the approved findings and sentence. *See United States v. Craig*, 15 M.J. 513 (A.C.M.R. 1982). Now this Court must determine whether attempted kidnapping was lesser included in the crime of kidnapping, as alleged here. 16 M.J. 189 (1983).

## I

Although Title 18 of the United States Code contains general provisions regarding principals (18 U.S.C. § 2) and conspiracy (18 U.S.C. § 371), it has no all-inclusive provision for attempts. Instead, various attempts are specifically prohibited in some of the statutory sections defining substantive offenses—*see, e.g.,* 18 U.S.C. § 472 (attempt to pass counterfeit money); 18 U.S.C. § 1113 (attempt to commit murder); 18 U.S.C. § 1544 (attempt to use the passport of another); and 18 U.S.C. § 2387(a) (attempt to cause insubordination by servicemembers).

Since Congress has dealt separately with those attempts which it wished to subject to prosecution in federal district courts, an attempt to commit a federal offense is not itself a crime unless the penal statute defining that offense specifically includes attempts within its scope. *United States v. York*, 578 F.2d 1036, 1038 (5th Cir.), *cert. denied*, 439 U.S. 1005, 99 S.Ct. 619, 58 L.Ed.2d 682 (1978); *see United States v. Manley*, 632 F.2d 978, 987–88 (2d Cir. 1980), *cert. denied sub nom. Williams v. United States*, 449 U.S. 1112, 101 S.Ct. 922, 66 L.Ed.2d 841 (1981); *United States v. Joe*, 452 F.2d 653, 654 (10th Cir.), *cert. denied*, 406 U.S. 931, 92 S.Ct. 1797, 32 L.Ed.2d 134 (1972); *United States v. Padilla*, 374 F.2d 782 (2d Cir. 1967); *United States v. Rosa*, 404 F.Supp. 602 (W.D. Pa. 1975), *aff'd*, 535 F.2d 1248 (3d Cir.), *cert. denied*, 429 U.S. 822, 97 S.Ct. 71, 50 L.Ed.2d 83 (1976). Accordingly, Fed.R. Crim.P. 31(c) provides:

> The defendant may be found guilty of an offense necessarily included in the offense charged or of an attempt to commit either the offense charged or an offense necessarily included therein *if the attempt is an offense.*

(Emphasis added.)

The charge of kidnapping that was lodged against Craig relied on 18 U.S.C. § 1201. As appellate defense counsel have emphasized, this section does not purport to punish attempted kidnapping, unless the victim "is a foreign official, an internationally protected person, or an official guest."[3] Accordingly, Craig questions the authority of the general court-martial to find him guilty of attempted kidnapping. He claims that the court members should have been required by the military judge to choose between a conviction for kidnapping and outright acquittal, rather than being allowed to consider the intermediate option of attempted kidnapping.

der, by taking her from Aliamanu Drive by grabbing her, while displaying a knife, and forcibly placing her onto the front passenger seat of his car and telling her remain there, while he closed the door; by chasing and grabbing her when she escaped from the car and forcibly returning her to the passenger compartment of the car and preventing her from leaving the car by entering the passenger compartment after her, all of the aforementioned events occurring while the car's engine was running and for the purpose of satisfying the said Private First Class Keith J.

Craig's sexual gratification, in violation of Title 18, United States Code, Section 1201.
Note that the Court-Martial Order omits the allegation "forcibly returning . . . and."

2. In returning their findings, the court members simply added "attempt" before the word "kidnap" in the kidnapping specification; omission of the word "to" thereafter is not significant because the nature of the finding is apparent.

3. For such attempts the maximum punishment is 20 years, rather than life imprisonment which is authorized for other violations of § 1201.

The Government replies that Article 80 of the Uniform Code of Military Justice, 10 U.S.C. § 880, applies generally to offenses tried by court-martial. Therefore, Craig could be found guilty of an attempted kidnapping, even though his civilian counterpart tried in a federal district court could not have been convicted of such an offense. According to government appellate counsel, the discrepancy in result is permissible because military justice is a separate, complete, internally consistent system of law. Furthermore, if Congress had wished to follow the example of the federal criminal code, it would have omitted entirely the Uniform Code's general prohibition of attempts and instead in selected punitive articles of the Code would have proscribed various kinds of attempt.

## II

■■■ Article 134, the general article of the Code, provides:

> Though not specifically mentioned in this chapter, all disorders and neglects to the prejudice of good order and discipline in the armed forces, all conduct of a nature to bring discredit upon the armed forces, and crimes and offenses not capital, of which persons subject to this chapter may be guilty, shall be taken cognizance of by a general, special, or summary court-martial, according to the nature and degree of the offense, and shall be punished at the discretion of that court.

If the draftsman of the charge against Craig had relied upon the first two clauses of this Article,[4] which prohibit service-discrediting conduct and conduct prejudicial to good order and discipline, our task of statutory construction would be simplified. Under those circumstances, the offense alleged would have been "an offense under" the Uniform Code for purposes of Article 80(a).[5] Indeed, even with the allegations employed here to charge appellant with

kidnapping, the same result would be reached if the military judge had instructed the court members that they could not convict the accused of kidnapping unless they found his conduct to be service-discrediting or prejudicial to good order. *Cf. United States v. Williams*, 17 M.J. 207 (C.M.A. 1984); and *United States v. Scholten*, 17 M.J. 171 (C.M.A. 1984). However, since the military judge expressly declined to instruct the members in terms of the first two clauses of Article 134, this Court must decide the bedrock issue whether an offense which falls within the third clause of Article 134—the clause which incorporates other federal penal statutes—is subject to the operation of Article 80(a). In short, did Congress intend that "crimes and offenses not capital"—as this phrase is employed in Article 134—should come within the ambit of Article 80?

A similar question might be posed as to other Articles of the Uniform Code. For example, Article 77(1), UCMJ, 10 U.S.C. § 877(1), designates as a principal someone who "commits *an offense punishable by this chapter*, or aids, abets, counsels, commands, or procures its commission." (Emphasis added.) Article 78, UCMJ, 10 U.S.C. § 878, which concerns accessories after the fact, refers to a person "who, knowing that *an offense punishable by this chapter* has been committed, receives, comforts, or assists the offender in order to hinder or prevent his apprehension, trial, or punishment." (Emphasis added.) The argument made here by appellant would imply that Articles 77 and 78 also could not be invoked in trying someone by court-martial for an offense punishable under the third clause of Article 134. Perhaps the inapplicability of these two Articles would not create major problems, since Title 18 itself contains general provisions as to principals, *see* 18 U.S.C. § 2, and accessories after the fact, *see* 18 U.S.C. § 3. However, the argument

---

4. *See United States v. Williams*, 17 M.J. 207 (C.M.A. 1984); *United States v. Scholten*, 17 M.J. 171 (C.M.A. 1984).

5. This subsection defines attempt as: "An act, done with specific intent to commit *an offense*

*under this chapter*, amounting to more than mere preparation and tending, even though failing, to effect its commission." (Emphasis added.)

might be made that these sections of the United States Code do not define "crimes and offenses not capital"; and so they do not apply to trials by court-martial, even when the trial is for an offense punishable under the third clause of Article 134.

In any event, appellant seeks to make an artificial distinction. Contrary to his contention, an offense charged under the third clause of Article 134 is just as much "an offense under" the Uniform Code of Military Justice as is an offense alleged under the first two clauses of that Article or under any other punitive article. The situation here is like that which exists under the Assimilative Crimes Act, 18 U.S.C. § 13, which allows federal prosecution under certain circumstances for conduct that violates the law of a state wherein is located an area subject to exclusive or concurrent federal jurisdiction. Such a prosecution "is not for the enforcement of state statute but for the enforcement of federal law adopted from the state." *See United States v. Sellars*, 5 M.J. 814, 815 (A.C.M.R. 1977). The details of this federal law, "instead of being recited, are adopted by reference." *See Puerto Rico v. Shell Co.*, 302 U.S. 253, 266, 58 S.Ct. 167, 173, 82 L.Ed. 235, 245 (1937); *McCoy v. Pescor*, 145 F.2d 260, 262 (8th Cir. 1944).[6]

6. In like manner, under the doctrine of incorporation by reference a document referred to in a will or other testamentary instrument becomes part of that will and is probated as part of the will itself. Uniform Probate Code § 2-510. *See* 79 Am. Jur. 2d *Wills* § 199 (1975); UPC Practice Manual pp. 27-8 § 2.12.

7. This is the second issue on which we granted review:

In like manner, when a section of Title 18—such as Section 1201 which proscribes kidnapping—is utilized as a basis for prosecution under the third clause of Article 134, the court-martial is trying a crime punishable under military law. The statutory definition of an offense that has been utilized in Title 18 is incorporated by reference in Article 134; and Article 80(a) is operative by its very terms regardless of the section in the United States Code where the definition of the offense is located.

This interpretation of the relationship between Articles 80 and 134 does not violate the canon of statutory construction that penal statutes should be construed strictly, because it merely gives effect to the clear meaning of the language of the Uniform Code.

### III

Since the court members returned a permissible finding of attempted kidnapping, we need not consider the second granted issue, which by its terms becomes inapplicable.[7]

The decision of the United States Army Court of Military Review is affirmed.

Judge COX concurs.

Judge FLETCHER did not participate.

ASSUMING THAT ATTEMPTED KIDNAPPING MAY NOT BE AFFIRMED IN THE CASE *SUB JUDICE*, MUST THE OFFENSE WHICH IS ALLEGED IN SPECIFICATION 2, AGGRAVATED ASSAULT, BE DISMISSED AS MULTIPLICIOUS WITH THE OFFENSE ALLEGED IN SPECIFICATION 1, AGGRAVATED ASSAULT.