967 F.2d 591
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jeffrey TOWNSEND, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-15817.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 26, 1992.*
Decided June 4, 1992.
 
 Before FARRIS, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jeffrey Townsend appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to modify, vacate or reduce his sentence. Townsend was convicted following a jury trial of aiding and abetting bank robbery in violation of 18 U.S.C. § 2113(a) and 2. Townsend contends that he was denied effective assistance of appellate counsel because his attorney raised a sufficiency of the evidence claim in connection with an ineffective assistance of counsel claim instead of raising the claims independently. We affirm.
 
 
 3
 To demonstrate ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (9th Cir.1984). Deficient performance is demonstrated when the "counsel made errors so serious that the counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. To establish that the defense was prejudiced, a defendant must show that there is a reasonable probability that but for the counsel's error, the result of the proceeding would have been different. Id. at 694.
 
 
 4
 We need not address whether Townsend's counsel's conduct was deficient because Townsend has not demonstrated prejudice from his counsel's failure to raise the issue separately. See id. at 687. Townsend's sufficiency of the evidence claim is meritless.
 
 
 5
 Townsend argues that there was insufficient evidence to convict him of bank robbery by intimidation under 18 U.S.C. § 2113(a) because he did not use force or intimidation in taking the money. Evidence is sufficient to support a conviction if, considering the evidence in the light most favorable to the prosecution, " 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " Gordon v. Duran, 895 F.2d 610, 612 (9th Cir.1990) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). Taking by intimidation requires the willful taking in such away as to place an ordinary person in fear of bodily harm. See United States v. Bingham, 628 F.2d 548, 549 (9th Cir.1980). Express threats of bodily harm, threatening body motions, or the physical possibility of concealed weapons are not required for conviction for bank robbery by intimidation. See id. "This circuit has held that the threat implicit in a written or verbal demand for money is sufficient evidence to support the jury's finding of intimidation." United States v. Nash, 946 F.2d 679, 681 (9th Cir.1991).
 
 
 6
 Here, Townsend's co-defendant presented a teller with a note that read "please give me your money." This, in connection with the testimony of the teller that she was frightened, was sufficient evidence for a rational juror to find the requisite element of intimidation. See id.; see also United States v. Hopkins, 703 F.2d 1102, 1103 (9th Cir.), cert. denied, 464 U.S. 963 (1983) (court upheld robbery conviction where defendant spoke calmly, made no threats, and was unarmed). Accordingly, we uphold the district court's denial of Townsend's section 2255 motion. Jackson, 443 U.S. at 319; Gordon, 895 F.2d at 612.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3