977 F.2d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lloyd Dean MONROE, Defendant-Appellant.
 No. 87-5329.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 5, 1992.*
Decided Oct. 8, 1992.
 
 Before D.W. NELSON, REINHARDT and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appointed counsel, Richard C. Camino, applies to this court for an order relieving him as attorney of record. In conformance with Anders v. California, 386 U.S. 738 (1967), he has filed a brief indicating, from his review of the record, all possible appealable issues and attesting that none is truly arguable. See also, Penson v. Ohio, 488 U.S. 75 (1988). After a review of the record, we agree that there are no nonfrivolous issues to support this appeal. We therefore affirm, and grant Camino's motion to be relieved as counsel of record.
 
 
 3
 * On May 15, 1987, Monroe drove his co-defendant John Webster Gross to a shopping mall. While Monroe waited in his truck, Gross went to a branch of Western Federal Savings and Loan and demanded money from two tellers. A jury found Monroe guilty of aiding and abetting a bank robbery in violation of 18 U.S.C. §§ 2(a) and 2113(a).
 
 
 4
 Camino is Monroe's counsel on appeal. His first Anders brief was filed on November 9, 1990. It was resubmitted in its current form on February 4, 1991. In May of 1992, Monroe was notified that he could file a supplemental pro se opening brief. None, however, has been received by this court.
 
 
 5
 The Anders brief submitted on appellant's behalf identifies three principal issues: 1) Should there have been a hearing on the admissibility of statements that Monroe made to the F.B.I.?; 2) Was there sufficient evidence to find that the robbery had been committed by force or intimidation and that Monroe had aided and abetted the robbery?; 3) Was Monroe denied his Sixth Amendment right to effective assistance of counsel?
 
 II
 
 6
 While on the stand, Monroe implied that some of his statements to the F.B.I. may have been made after he requested an attorney, in violation of his Fifth Amendment right to counsel during a custodial interrogation. See Edwards v. Arizona, 451 U.S. 477 (1981).
 
 
 7
 In the absence of a motion for a hearing on the voluntariness of the defendant's remarks, this court reviews only for plain error. Fed.R.Evid. 103(d). Cf. United States v. Dischner, 1992 U.S.App. LEXIS 22239, (as amended) (9th Cir.1992) (failure to object to extortion instructions); United States v. Hernandez, 876 F.2d 774, 777 (9th Cir.1989), cert. denied, 493 U.S. 863 (1989) (failure to file motion of acquittal). A plain error must not only affect substantial rights, but must also be highly prejudicial. Dischner, 1992 U.S.App. LEXIS 22239, * 33.
 
 
 8
 More than anything else, the F.B.I. agent's testimony tended to corroborate Monroe's version of the facts. Furthermore, the statements which the agent's testimony reported were primarily exculpatory. 18 U.S.C. § 3501 is inapplicable when "[a]ppellant's statements were basically exculpatory." United States v. Gonzales, 749 F.2d 1329, 1335 (9th Cir.1984) (emphasis in original). In a case where, as here, the F.B.I. agent's testimony only corroborated the defendant's in-court exculpatory statements, a hearing on voluntariness is unnecessary. Far from prejudicing Monroe, Agent DeHaven's testimony did far more to corroborate than it did to impeach.
 
 III
 
 9
 The Anders brief also identifies a question as to the sufficiency of the evidence, both with respect to whether the robbery was accomplished by force or intimidation, and with respect to whether Monroe aided and abetted the enterprise. Because he failed to move for acquittal after all of the evidence had been presented, Monroe is deemed to have waived his sufficiency arguments, and this court is obliged to uphold the judgment of the district court unless it finds plain error. United States v. Winslow, 1992 U.S.App. LEXIS 10294, (as amended) (9th Cir.1992); Hernandez, 876 F.2d at 777.
 
 
 10
 The evidence that Monroe's accomplice used intimidation to rob the bank was provided by a bank employee. She described both of the tellers whom Gross robbed as being "panicked." " '[E]xpress threats of bodily harm, threatening body motions, or the physical possibility of concealed weapon[s]' are not required for a conviction for bank robbery by intimidation." United States v. Hopkins, 703 F.2d 1102, 1103 (9th Cir.), cert. denied, 464 U.S. 963 (1983) (quoting United States v. Bingham, 628 F.2d 548, 549 (9th Cir.1980), cert. denied, 449 U.S. 1092 (1981)). The Hopkins court found that sufficient evidence of intimidation was "implicit in Hopkins' written and verbal demands for money." Id. Under Hopkins, the evidence presented to show that Gross had robbed the bank by intimidation was sufficient.
 
 
 11
 As for Monroe's role as an accomplice to the robbery, the evidence is sufficient to support a conviction. Gross entered the truck after the robbery, the truck sped away when pursued by the police, and Monroe emerged running from the driver's seat. A jury could reasonably conclude from that evidence that Monroe was guilty.
 
 IV
 
 12
 Finally, the Anders brief states that Monroe may have received ineffective assistance of counsel. However, to succeed in this claim, Monroe must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v. Washington, 466 U.S. 668, 689 (1984). We have found nothing in the record that indicates that the conduct of Monroe's attorney fell outside that range.
 
 V
 
 13
 Because counsel has accompanied his motion with "a brief referring to anything in the record that might arguably support the appeal," Anders, 386 U.S. at 744, and because this court agrees that "the appeal is indeed so frivolous that it may be decided without an adversary presentation," Penson, 488 U.S. at 82, the conviction and sentence is AFFIRMED, and Camino's request to be relieved as counsel of record is GRANTED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34.4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3