990 F.2d 1265
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael James SMITH, Defendant-Appellant.
 No. 91-30115.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1993.*
Decided April 6, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Smith appeals from his conviction, following a jury trial, for two counts of bank robbery in violation of 18 U.S.C. § 2113(a). Smith contends that the district court erred by denying his motion for acquittal on one of the counts because the evidence was insufficient to prove that he used force or intimidation to obtain the money he took from the bank. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 There is sufficient evidence to support a conviction if, reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. United States v. Lucas, 963 F.2d 243, 247 (9th Cir.1992) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)). Taking by intimidation or force is an essential element of bank robbery. 18 U.S.C. § 2113(a); Lucas, 963 F.2d at 248. "[E]xpress threats of bodily harm, threatening body motions, or the physical possibility of concealed weapons are not required for a conviction for bank robbery by intimidation." United States v. Hopkins, 703 F.2d 1102, 1103 (9th Cir.), cert. denied, 464 U.S. 963 (1983); accord Lucas, 963 F.2d at 248 (sufficient evidence where defendant approached teller with note telling her to put money in his bag and repeated the instruction orally, and teller testified that she had been frightened).
 
 
 4
 Here, Smith admits that he entered the bank disguised in a long wig, sunglasses, gloves, and a hat. He approached a bank teller, Melissa Harding, and stated to her: "This is a robbery." Harding asked if he were serious, and Smith replied, "[t]his is a [expletive deleted] robbery" and told her to place money in his bag. He then followed another teller, Jennifer Martin, as she walked through a secure gate leading to the teller counter. Smith removed money from Harding's teller drawer and that of another teller, Jackie Leva. He put the money in a bag, jumped over the secure gate, and fled the bank, calling out "Have a nice day!" as he left. At trial, Leva testified that she was in shock during the robbery and worried that something might happen to her. Martin testified that she had been scared and feared that Smith might take her hostage or otherwise harm her if he did not get what he wanted.
 
 
 5
 Smith contends that the evidence was insufficient to prove intimidation as a matter of law. He argues that because he did not use a demand note, his appearance was "clownish," and he did not physically touch or threaten anyone during the robbery, no one was "objectively" intimidated. He suggests that Harding's initial reaction to his request for money, coupled with the fact that he never spoke to Leva or Martin, renders unreasonable the victim tellers' "subjective" apprehension. We disagree. A reasonable trier of fact could have found that his conduct and appearance were sufficiently intimidating to complete the crime of bank robbery. See Lucas, 963 F.2d at 248.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3