24 F.3d 251
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Timothy Joseph MEALEY, Defendant-Appellant.
 No. 92-10744.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 13, 1994.*
Decided May 17, 1994.
 
 1
 Before: WALLACE, Chief Judge, and WIGGINS, Circuit Judges, TURRENTINE,** District Judge
 
 
 2
 MEMORANDUM***
 
 
 3
 Joseph Timothy Mealey appeals his conviction of bank robbery, in violation of 18 U.S.C. Sec. 2113(a).[1] Mealey argues that there was insufficient evidence to support the jury's conclusion that Mealey used intimidation. In addition, he argues that the district court abused its discretion by allowing the Government to reopen its case after it rested. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 FACTS AND PRIOR PROCEEDINGS
 
 4
 At 5:10 P.M. on February 10, 1992, Mealey entered a bank and approached a teller window. Mealey instructed the teller, "Give me all the bills. Don't try anything." According to the teller, Mealey had his hand in his coat pocket; Mealey had placed his coat pocket on the counter directly in front of the teller. The teller further testified that while Mealey was standing at the teller window, Mealey made eye motions, looking toward the teller and then looking down toward the coat pocket on the counter. The teller specifically testified that he thought Mealey had a gun. In addition, Mealey warned the teller two or three times, "Don't try it." Apparently, Mealey was instructing the teller not to look to other persons in the bank and not to hit the alarms. The teller gave Mealey $690.
 
 
 5
 Mealey was arrested almost immediately after he left the bank. A search was conducted at the time of his arrest. No weapons were found on him. Mealey insists that he did not carry any type of weapon. He further maintains that there was no object in his pocket that could have simulated a gun or any other weapon. In addition, Mealey made no statement to the teller concerning the existence of a gun. Nor did he present a note to the teller indicating that he had a gun.
 
 
 6
 Mealey was indicted on February 19, 1992. A jury trial was conducted. The jury convicted Mealey of one count of bank robbery. Mealey was sentenced to 205 months in prison, and three years of supervised release. Mealey filed a timely notice of appeal.
 
 DISCUSSION
 I. SUFFICIENCY OF THE EVIDENCE
 A. Standard of Review
 
 7
 We review a challenge to the sufficiency of the evidence "in the light most favorable to the Government to determine if 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Mason, 902 F.2d 1434, 1441 (9th Cir.1990) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original)).
 
 B. Merits
 
 8
 To sustain a conviction for unarmed bank robbery by intimidation, the Government must present evidence of a "willful taking in such a way as would place an ordinary person in fear of bodily harm." United States v. Bingham, 628 F.2d 548, 548 (9th Cir.1980), cert. denied, 449 U.S. 1092 (1981). Express threats of bodily harm or threatening bodily motions are not required, however, for a conviction for bank robbery by intimidation. United States v. Hopkins, 703 F.2d 1102, 1103 (9th Cir.), cert. denied, 464 U.S. 963 (1983).
 
 
 9
 Mealey concedes that he committed bank larceny, but maintains that he did not commit bank robbery. He argues that the evidence did not demonstrate that he used force or intimidation. See 18 U.S.C. Sec. 2113(a). Mealey points to the testimony of three witnesses to argue that his words and conduct "cannot be deemed intimidating." First, a customer standing in line ahead of Mealey stated that she did not notice anything intimidating about him. Second, a teller in the window next to the victim teller's window testified that she did not hear or observe any intimidation by Mealey against the victim teller. Finally, a woman who gave Mealey a ride in her car after the robbery testified that he made no intimidating actions against her.
 
 
 10
 Appellee contends that Mealey's verbal demands and conduct support the jury's finding that the teller was intimidated by implicit threats of harm. Appellee points to the following three facts. First, Mealey instructed the teller, "Give me all the bills. Don't try anything." Second, Mealey warned the teller two or three times, "Don't try it," apparently in response to the teller's attempt to look around for help and in anticipation of the teller's attempt to hit the alarms. Finally, there was a physical possibility of a concealed weapon. The teller testified that Mealey held his hand in his coat pocket; Mealey had placed his coat pocket on the counter directly in front of the teller. Furthermore, the teller testified that Mealey motioned with his eyes as if he had something in his pocket.
 
 
 11
 We agree with appellee. Under the circumstances, the teller's subjective fears were reasonable. First, Mealey warned the teller several times, "Don't try anything" and "Don't try it." Second, there was a physical possibility of a concealed weapon. Finally, the testimony of the three defense witnesses is irrelevant. These individuals were not the focus of Mealey's implicit threats. Based on the evidence cited by appellee, the jury could properly find that a reasonable person could interpret these statements as implicit threats of harm that would result if the teller did not meet Mealey's demands. More overt evidence of intimidation is not required for a Sec. 2113(a) conviction.
 
 II. REOPEN TO PRESENT EVIDENCE
 A. Standard of Review
 
 12
 We review the district court's decision to reopen a case for an abuse of discretion. United States v. Simtob, 901 F.2d 799, 804 (9th Cir.1990). We must determine whether the district court's "decision was rendered on a consideration of relevant factors, and whether a clear error of judgment has been made." Id.
 
 B. Merits
 
 13
 Mealey contends that the Government rested its case without proving beyond a reasonable doubt all the required elements of bank robbery. Specifically, Mealey argues that the Government failed to establish that the institution robbed was a bank under federal law, an element necessary to establish federal jurisdiction. Furthermore, Mealey asserts that the Government did not give any reason or excuse for its failure to present this evidence. Therefore, Mealey concludes, the district court could not have properly exercised its discretion.
 
 
 14
 Appellee counters that the Government did prove in its case-in-chief that the institution robbed was a bank under federal law. Specifically, through the testimony of the security investigator for the bank, evidence was presented that the deposits of the bank were insured by the Federal Deposit Insurance Corporation on the date of the robbery. Thus, appellee concludes, the Government's counsel was mistaken in his belief that he had to reopen his case to present evidence on this fact.
 
 
 15
 More importantly, appellee contends, the issue is not why the evidence was not presented previously, but rather what prejudice did the opposing party suffer because the case was reopened and the evidence was introduced. See Eason v. United States, 281 F.2d 818, 822 (9th Cir.1960); see also United States v. McQuisten, 795 F.2d 858, 863-64 (9th Cir.1986); United States v. Huber, 772 F.2d 585, 592 (9th Cir.1985). Here, appellee argues, Mealey suffered no prejudice by the reopening of the case. First, appellee asserts, the reopening was unnecessary. Second, since the reopening of the Government's case occurred prior to the defense presenting its case, Mealey had full opportunity to challenge the evidence.
 
 
 16
 Mealey's argument is without merit. The district court did not abuse its discretion by allowing the Government to reopen its case. Mealey was not prejudiced by the reopening.
 
 CONCLUSION
 
 17
 For the foregoing reasons, we affirm. The Government presented sufficient evidence to support a finding of intimidation. The district court did not abuse its discretion by allowing the Government to reopen its case before Mealey presented any defense.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 Hon. Howard B. Turrentine, Senior United States District Judge for the Southern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 2113(a) of 18 U.S.C. provides, "Whoever, by force and violence, or by intimidation, takes ... from the person or presence of another ... any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank
 ....
 Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both."