**UNITED STATES of America, Plaintiff,**

v.

**James Albert MOTT, Defendant.**

**Nos. CIV. 97–670–FR,**
**No. CR 93–51–FR.**

United States District Court,
D. Oregon.

Sept. 16, 1997.

**1294**

Kristine Olson, U.S. Atty., Michael W. Mosman, Asst. U.S. Atty., Portland, OR, for Plaintiff.

James Albert Mott, Oxford, WI, pro se.

## OPINION

FRYE, District Judge.

Before the court is the motion of the defendant, James Albert Mott, under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence (# 32).

## BACKGROUND

On April 30, 1993, James Albert Mott plead guilty to a single count of the crime of unarmed bank robbery, 18 U.S.C. § 2113(a), for the taking by force, violence and intimidation the sum of $705 from a branch of the First Interstate Bank of Oregon on January 11, 1993. The parties jointly recommended a sentence at the low end of the guideline range, 151 months. On June 14, 1993, the court sentenced Mott at the high end of the guideline range, 188 months. The court granted Mott's motion for reconsideration of his sentence, and on July 19, 1993, after reconsideration, the court resentenced him to 151 months in prison. Mott appealed from the sentence imposed but dismissed the appeal after he was resentenced. Mott filed his petition for a writ of habeas corpus on April 28, 1997.

## CONTENTIONS OF THE PARTIES

Mott contends that he is being held unlawfully for four reasons: (1) the government failed to notify him under 21 U.S.C. § 851(a)(1) that he was to be sentenced as a career offender; (2) he was denied the effective assistance of counsel when his attorney did not tell him that the government was required to notify him that it was going to ask the court to sentence him as a career offender; (3) he was denied the right to appeal from the sentence imposed because he was not aware of the notification requirement; and (4) the facts do not support a conviction for the crime of bank robbery.

The government contends that the notification requirements in 21 U.S.C. § 851(a)(1) apply to sentence enhancements for certain drug convictions, but do not apply to Mott's conviction for the crime of bank robbery. The government further contends that at the time he was sentenced, Mott was well aware of his status as a career offender (1) through knowledge of his own criminal record; (2) through the recommendation of his own attorney that he be sentenced within a guideline range calculated upon his status as a career offender; (3) in the motion to reconsider his sentence, Mott did not mention any surprise about his status as a career offender; (4) Mott signed the plea petition which

stated that his lawyer discussed the sentencing guidelines with him, and that he knew the maximum punishment for the offense to which he was pleading guilty was twenty years; (5) the sentencing letter submitted by defense counsel acknowledges that Mott is a career offender; and (6) Mott did not comment on his status as a career offender when he made a statement to the court at the resentencing. Concerning whether the facts support a conviction for the crime of bank robbery, the government points out that Mott stated in his petition to enter a plea of guilty that he took $705 by intimidation, and he has waived the issue he now raises by not presenting it on appeal.

## LEGAL STANDARDS

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Under section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" *United States v. Blaylock,* 20 F.3d 1458, 1465 (9th Cir.1994) (quoting 28 U.S.C. § 2255) (emphasis in the original). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. McMullen,* 98 F.3d 1155, 1159 (9th Cir.1996) (internal quotation omitted), *cert. denied,* —— U.S. ——, 117 S.Ct. 2444, 138 L.Ed.2d 203 (1997). To earn the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief. *Id.* Mere conclusory statements in a section 2255 motion are insufficient to require a hearing. *United States v. Hearst,*

638 F.2d 1190, 1194 (9th Cir.1980), *cert. denied,* 451 U.S. 938, 101 S.Ct. 2018, 68 L.Ed.2d 325 (1981).

## ANALYSIS AND RULING

Before the entry of a guilty plea, 21 U.S.C. § 851(a)(1) requires the government to file an information stating the previous convictions on which the government intends to rely if the defendant will be sentenced to increased punishment by reason of the prior convictions. This statute, however, only applies to offenses charged under Chapter 21, which covers drug crimes. Because Mott plead guilty to an offense under Chapter 18, the notification requirements under 21 U.S.C. § 851(a)(1) do not apply to him. Mott appears to be confusing the sentencing enhancements for particular crimes under Chapter 21 with the general career offender provisions of the guidelines located in U.S.S.G. § 4B1.1. Accordingly, his first three grounds for relief do not have merit.

Mott's second ground for arguing that he was denied the effective assistance of counsel, because he was not informed of the notification requirements for sentence enhancement, could be broadly interpreted to mean that his counsel did not inform him that he was facing a career offender sentence or did not review the presentence report with him.

To prevail on a claim of the ineffective assistance of counsel, a petitioner must show both (1) that the attorney's performance fell below an objective standard of reasonableness; and (2) that the performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674 (1984). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689, 104 S.Ct. at 2065. To establish the second prong of the *Strickland* test, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068.

Mott's attorney sent a sentencing letter to the court prior to the time of Mott's sentenc-

ing hearing and copied the letter to Mott. In the sentencing letter, Mott's attorney states that Mott is to be sentenced as a career offender. At the time of the second sentencing hearing, the court sentenced Mott at the low end of the guideline range. Mott has not pointed to any inaccuracies in the presentence report or in his prior convictions which, if corrected, would have resulted in his not being sentenced as a career offender. Consequently, even if Mott did not know that he was to be sentenced as a career offender, he cannot show any prejudice by his counsel's alleged inadequacies. There is not a reasonable probability that the sentence would have differed.

■ Mott's fourth ground for relief, that the facts do not support a conviction for bank robbery, is based on his contention that he did not take the money by force, violence or intimidation. He also contends that if his counsel had effectively assisted him, he would have plead guilty only to a charge of bank theft or a charge of bank larceny.

The presentence report states that the bank teller described Mott as nice and polite, and that she never felt threatened by him during the robbery. The presentence report describes the robbery as follows:

> Mott placed a black leather folder on the counter. It was unzipped and contained a piece of scratch paper with the words, "Put the money here." Mott then said, "Open it up and give me all of it. No dye packs." The teller gave Mott her money and he placed it in the folder, zipped it up, and walked out of the bank with $705.

Presentence Report, p. 2. The incident report written by the Portland Police Bureau states that the teller said the demand note almost struck her like a joke because the suspect was so calm and almost polite. The incident report also stated that no weapon was seen or implied.

In the plea petition that Mott signed, he admits that he took the money from the bank by intimidation. When Mott entered his plea of guilty, he admitted that he used intimidation:

> The court: And how did you get them to give you that money?
> The defendant: By a note and intimidation.

The court: Okay. And what do you mean by intimidation?
The defendant: Just demanding.
The court: Demanding the money?
The defendant: Yes, demanding would be a better word.

Transcript of April 30, 1993, p. 12.

■ "[E]xpress threats of bodily harm threatening body motions, or the physical possibility of concealed weapon[s] are not required for a conviction for bank robbery by intimidation." *United States v. Lucas*, 963 F.2d 243, 248 (9th Cir.1992) (internal quotation omitted). In *Lucas*, the defendant entered a bank and placed two plastic shopping bags on the counter. One bag contained a note instructing the teller to "put the money in the bag," and the defendant told the teller to "put the money in the bag." *Id.* In *United States v. Hopkins*, 703 F.2d 1102 (9th Cir.), *cert. denied*, 464 U.S. 963, 104 S.Ct. 399, 78 L.Ed.2d 341 (1983), the defendant handed a note to the teller which contained these words: "Give me all your hundreds, fifties and twenties. This is a robbery." *Id.* at 1103. When the teller stated that she had no hundreds or fifties, the defendant stated, "Okay, then give me what you've got." *Id.* In both cases, the appellate courts held that these implicit threats were sufficiently intimidating to support convictions for bank robbery.

Mott's note and statement to the teller were very similar to the evidence in *Lucas* and *Hopkins*. The court concludes that there was sufficient evidence of intimidation to support the plea of guilty. Mott's counsel was not required to suggest strategies to Mott that were without merit; his counsel provided adequate assistance.

Mott does not make allegations which, if true, would entitle him to relief. Thus, he is not entitled to an evidentiary hearing.

## CONCLUSION

The motion of the defendant, James Albert Mott, under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence (# 32) is denied.