**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Russell Leroy EATON,
Defendant–Appellant.**

**No. 90–50499.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 8, 1991.[*]

Decided May 31, 1991.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Brian A. Newman, Newman and Rosenstein, Los Angeles, Cal., for defendant-appellant.

Bryan D. Daly, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before HUG, NORRIS and LEAVY, Circuit Judges.

HUG, Circuit Judge:

██ This case involves Russell Leroy Eaton's appeal of his sentence, imposed under the Federal Sentencing Guidelines, following his guilty pleas to three counts of bank robbery, in violation of 18 U.S.C. § 2113(a). Eaton raises two challenges to the sentence imposed by the district court: that the court erred by (1) imposing a two-level increase to his offense level under Guidelines section 2B3.1(b)(2)(D) based on its finding that Eaton made "an express threat of death" during the commission of two of the robberies; and by (2) refusing to grant two-point reductions for acceptance of responsibility under Guidelines section 3E1.1 for each of his three counts of conviction. We review *de novo* Eaton's challenges to the district court's construction and interpretation of the Sentencing Guidelines, *United States v. Carvajal,* 905 F.2d 1292, 1294 (9th Cir.1990), and we affirm.

## I. FACTS AND PROCEEDINGS

On May 11, 1990, Eaton was indicted for seven counts of bank robbery. On June 22, 1990, Eaton entered a plea of guilty to counts five, six, and seven of the indictment in exchange for the Government's agreement to bring a motion to dismiss the remaining counts, and to recommend a two-level reduction in Eaton's offense level for his acceptance of responsibility under Guidelines section 3E1.1.

At sentencing, the district court adopted the findings of the presentence investigation report ("PSR") that Eaton had made "an express threat of death" during the commission of two of the robberies, thereby warranting a two-level increase pursuant to Guidelines section 2B3.1(b)(2)(D). The court further adopted the PSR's recommendation of a single two-level reduction in Eaton's offense level for his acceptance of responsibility. Eaton was sentenced to 70 months imprisonment and a three-year term of supervised release on each of the three counts, to be served concurrently, and was ordered to pay restitution.

## II. TWO–LEVEL INCREASE UNDER SECTION 2B3.1(b)(2)(D)

Eaton contends the district court erred by imposing a two-level increase under section 2B3.1(b)(2)(D) based on its finding that Eaton made "an express threat of death" during the commission of two of the robberies. Eaton argues that (a) his threats did not justify the increase, and (b) imposing the increase constituted improper "double-counting" because the threats already

constitute an element of the underlying robbery offense. We disagree.

## A. *"Express Threat of Death"*

█ Section 2B3.1(b)(2)(D) provides for a two-level increase to a defendant's offense level for the offense of robbery "if an express threat of death was made." U.S. S.G. § 2B3.1(b)(2)(D) (Nov. 1, 1989). Application Note 8 to this section provides that one of several examples of this type of threat is "an oral or written demand using words such as ... 'Give me the money or I will shoot you.'" Application Note 8 further notes that

> [t]he court should consider that the intent of the underlying provision is to provide an increased offense level for cases in which the offender(s) engaged in conduct that would instill in a reasonable person, who is a victim of the offense, significantly greater fear than that necessary to constitute an element of the offense of robbery.

In this case, it is undisputed that during the commission of two of the robberies, Eaton presented demand notes to the bank tellers which stated: "Give Me All Your Money or I'll Shoot." Notwithstanding the fact that this statement is almost identical to the example provided in Application Note 8 of an "express threat of death," Eaton argues that his demand notes do not fall within the threats contemplated by section 2B3.1(b)(2)(D) because they did not include a specific threat of "death." According to Eaton, his threats to merely "shoot" the tellers therefore did not instill a significantly greater fear than was necessary to satisfy the elements of the robbery offense. Eaton argues that Application Note 8's use of the example of a threat to shoot as constituting "an express threat of death" is therefore vague because it encompasses conduct that may be unlikely to instill the requisite fear. We find these arguments unpersuasive.

Bank robbery under section 2113(a) is defined, in relevant part, as taking "'by force and violence, or by intimidation ... or ... by extortion' anything of value from the 'care, custody, control, management, or possession of, any bank....'" *United States v. Gregory*, 891 F.2d 732, 734 (9th Cir.1989) (quoting 18 U.S.C. § 2113(a)). The district court specifically adopted the PSR which indicated that Eaton perpetrated each of the three bank robberies by approaching the tellers, threatening them with a simulated gun, and demanding money. As Eaton concedes, in counts six and seven he produced demand notes threatening to shoot. Because Eaton could have satisfied the essential element of the robbery offense under section 2113(a) through mere "intimidation," *Gregory*, 891 F.2d at 734, we conclude that his express threats to shoot the tellers were sufficient to instill a "significantly greater fear than that necessary to constitute an element of the offense of robbery." U.S.S.G. § 2B3.1(b)(2)(D), Application Note 8. Eaton's argument that his threats were insufficient because they did not refer specifically to the word "death" is therefore without merit.

## B. *Double–Counting*

█ We are similarly unpersuaded by Eaton's argument that section 2B3.1(b)(2)(D) was improperly applied because his express threats to the bank tellers were already accounted for as an element of the offense of bank robbery under section 2113(a). As previously discussed, Eaton could have satisfied the essential element of the bank robbery offense through mere "intimidation" of the tellers. 18 U.S.C. § 2113(a); *Gregory*, 891 F.2d at 734. "[E]xpress threats of bodily harm, threatening body motions, or the physical possibility of concealed weapon[s] are *not* required for a conviction for bank robbery by intimidation." *United States v. Hopkins*, 703 F.2d 1102, 1103 (9th Cir.), *cert. denied*, 464 U.S. 963, 104 S.Ct. 399, 78 L.Ed.2d 341 (1983) (citation and internal quotations omitted) (emphasis added). Instead, mere "written and verbal demands for money provide sufficient evidence of intimidation" to sustain a section 2113(a) conviction. *Id.* Eaton's argument, therefore, that his express threats to shoot the tellers were already encompassed as essential elements of the robbery offenses is also without merit.

## III. REDUCTION FOR ACCEPTANCE OF RESPONSIBILITY UNDER SECTION 3E1.1

██ Finally, Eaton contends the district court erred by failing to grant more than one two-level reduction in his offense level under section 3E1.1(a). The court expressly adopted the findings of the PSR which found that Eaton "ha[d] accepted responsibility for the commission of the bank robberies reflected in the Indictment," and which recommended a two-level reduction. Eaton claims, however, that the court, rather than granting only one two-level reduction for acceptance of responsibility, should have granted in effect a six-level reduction by granting two-point reductions for each of his three counts of conviction.

In this issue of first impression for our circuit, we agree with decisions of the Third and First Circuits which hold that the Guidelines do not authorize the granting of more than a single two-level reduction under section 3E1.1. *See United States v. McDowell*, 888 F.2d 285, 293 (3d Cir.1989); *United States v. Wright*, 873 F.2d 437, 444 (1st Cir.1989). The reasoning of the Third Circuit on this issue is particularly persuasive:

> The intent of the Sentencing Commission is that the Guidelines be applied like a formula; a court or presentence investigator should go down each guideline in order, making the necessary calculations. *With respect to the adjustment for acceptance of responsibility, the Guidelines specify that this adjustment should be made only after the counts are combined.* The application instructions, which also are to be followed in order, specify:
>
> (d) If there are multiple counts of conviction, repeat steps (a) through (c) [determining the appropriate offense level and applying adjustments for victim, role, and obstruction of justice] for each count. Apply Part D of Chapter Three to group the various counts and adjust the offense level accordingly.
>
> (e) Apply the adjustment as appropriate for the defendant's acceptance of responsibility from Part E of Chapter Three. The resulting offense level is the total offense level.
>
> Sentencing Guidelines § 1B1.1. *Paragraph (e) does not contemplate calculating acceptance of responsibility for each offense.* Its directive is to adjust the combined offense level as determined in paragraph (d), *after the combined offense level has been calculated.* Thus, the court properly calculated the criminal offense level under the Guidelines.

*McDowell*, 888 F.2d at 293 (emphasis added). We therefore hold, in accordance with the sequence of the application instructions set forth in Guidelines section 1B1.1(a)–(e), that Eaton was not entitled to more than the one two-level reduction for acceptance of responsibility the district court granted in this case.

AFFIRMED.