**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Daniel L. STRANDBERG,**
**Defendant–Appellant.**

No. 90–10615.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 4, 1991 *.

Decided Dec. 30, 1991.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth

Birney Bervar, Asst. Federal Public Defender, Honolulu, Hawaii, for defendant-appellant.

Craig H. Nakamura, Asst. U.S. Atty., Honolulu, Hawaii, for plaintiff-appellee.

Before ALARCON, D.W. NELSON and CANBY, Circuit Judges.

ALARCON, Circuit Judge:

Daniel Lee Strandberg appeals from the sentence imposed by the district court. He contends that the court erred in ordering a two-point upward adjustment under United States Sentencing Guidelines § 2B3.1(b)(2)(F) (formerly § 2B3.1(b)(2)(D)) of the offense level because he uttered an express threat of death.

We affirm because we conclude that Strandberg's admonition to a teller not to

Circuit Rule 34–4 and Fed.R.App.P. 34(a).

"pull the alarm or my friend will start shooting" is an express threat of death justifying a two-level upward adjustment under the applicable sentencing guideline.

## I.

### Pertinent Facts

The facts are not in dispute. At approximately 9:15 a.m., on June 7, 1990, Strandberg entered the main branch of the Bank of Hawaii, in Honolulu. He approached Julie Kainuna, a bank teller. Strandberg handed her a note that read: "I'm holding you up. I want $3,000. Smile!"

After allowing the teller sufficient time to read the note, Strandberg grabbed the note from her hands. He then made a gesture indicating that he was in possession of a concealed weapon.

Strandberg told the teller not to pull the alarm "or my friend will start shooting." The teller was frightened by the threat that Strandberg's accomplice would start shooting. She feared for her life and the safety of the bank customers. She complied with his demand and handed him $3,000 in currency. As Strandberg fled from the bank, the teller fell to the floor.

Strandberg was identified from the bank surveillance photographs by two police officers who had arrested him on the previous day for theft. Following his arrest, Strandberg confessed that he robbed the main branch of the Bank of Hawaii on June 7, 1990. Strandberg was indicted for bank robbery on June 21, 1990. Strandberg entered a guilty plea to bank robbery on July 10, 1990.

After setting forth the foregoing facts, the United States probation officer who prepared the presentence report recommended that the base offense level of 20 be increased 2 levels because a bank was robbed, and 2 levels because "the defendant issued a threat to the victim teller which caused her to fear for her life and the lives of bank customers." The proba-

tion officer also recommended a downward adjustment of two levels because Strandberg accepted responsibility by confessing to the officers and "acknowledged the wrongfulness of his actions." The probation officer computed the total offense level as 22. After calculating the effect of Strandberg's criminal history as a category III, the probation officer concluded that the imprisonment range should be 51 to 63 months.

Defense counsel filed an objection to the probation officer's recommendation that a two-level upward adjustment for an "express threat of death" be made. The district court overruled the objection to the presentence report. The court concluded that "it was reasonable for the teller to believe that the words used were an express threat of death." The district court ordered that Strandberg be committed for 51 months to the custody of the United States Bureau of Prisons.

## II.

### Discussion

Strandberg's sole contention on appeal is that his command that the teller was not to "pull the alarm or my friend will start shooting" was not "a clear, definite, direct, or unmistakable express threat of death to the victim teller." Appellant's Opening Brief at page 6. Strandberg argues that the threat did not indicate that a person would be shot. Strandberg asserts further that "[a]t most it is only an *implied* threat of possible injury or death". Appellant's Opening Brief at 6. Finally, Strandberg contends that while the statement may have satisfied the intimidation element of the crime of robbery, it does not support an upward adjustment.

■ We review a district court's interpretation of the sentencing guidelines de novo. *United States v. Keene*, 933 F.2d 711, 712 (9th Cir.1991).

Section 2B3.1(b)(2)(F) provides for a two-point increase in the offense level "if an express threat of death was made...."

U.S.S.G. § 2B3.1(b)(2)(F). The application notes to the sentencing guidelines state that:

[a]n "express threat of death," as used in subsection (b)(2)(F), may be in the form of an oral or written statement.... For example, an oral or written demand using words such as "Give me the money or I will kill you" ... "Give me the money or I will shoot you" ... would constitute an express threat of death. The court should consider that the intent of the underlying provision is to provide an increased offense level for cases in which the offender(s) engaged in conduct that would instill in a reasonable person, who is a victim of the offense, significantly greater fear than that necessary to constitute an element of the offense of robbery.

U.S.S.G. § 2B3.1(b)(2)(F), comment (n. 7).

■ In *United States v. Eaton*, 934 F.2d 1077, 1079 (9th Cir.1991), we held that a note stating, "Give Me All Your Money or I'll Shoot," which was presented to a teller during the commission of a bank robbery, constituted an express threat of death under § 2B3.1(b)(2)(D) (now codified at § 2B3.1(b)(2)(F)) of the sentencing guidelines. The threat used in the instant matter does not differ in any substantial way from the words used in *Eaton*. In each case, the person making the threat did not expressly state that the teller would be the target of the shooting or that death was intended. Section 2B3.1(b)(2)(F) does not require that the defendant state that he intends to kill the teller if his demands are not met.

We are persuaded that a reasonable person hearing the words "my friend will start shooting" if the robbery in-progress alarm is pulled would experience significantly greater fear than the level of intimidation that is necessary to constitute an element of the offense of robbery. We have previously held that " 'express threats of bodily harm, threatening body motions, or the physical possibility of concealed weapon[s]' are not required for a conviction for bank robbery by intimidation." *United States v.*

*Hopkins,* 703 F.2d 1102, 1103 (9th Cir. 1983), quoting *United States v. Bingham,* 628 F.2d 548, 549 (9th Cir.1980). We have also ruled that the threats implicit in written and verbal demands for money made during the commission of a bank robbery satisfy the intimidation element of the bank robbery statute. *Hopkins,* 703 F.2d at 1103.

Because Strandberg's words constituted an express threat of death, the district court did not err in its interpretation of Section 2B3.1(b)(2)(F). Accordingly, the sentence which included a two-level adjustment for an express threat of death is AFFIRMED.