968 F.2d 1222
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jaime Reyes TORRES, Defendant-Appellant.
 No. 91-50735.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 8, 1992.*
Decided July 13, 1992.
 
 Before POOLE, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jaime Reyes Torres appeals from his sentence, following a guilty plea, for five counts of bank robbery in violation of 18 U.S.C. § 2113(a). Torres contends that the district court erred by adjusting his offense level under the United States Sentencing Guidelines for making an express threat of death during one of the robberies. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 We review de novo the district court's construction and application of the Sentencing Guidelines. United States v. Eaton, 934 F.2d 1077, 1078 (9th Cir.1991).
 
 
 4
 The relevant facts are not in dispute. During the robbery described in Count 10 of the indictment, Torres entered the Wells Fargo Bank in Fullerton, California, presented a teller with a demand note, took money from her and exited the bank. Several bank customers chased Torres as he left the bank, and two of customers apprehended him after a short chase through the parking lot. Torres told the customers that he had a gun and would shoot them if they did not let him go. Although the customers stopped chasing Torres, he was immediately apprehended by the police. At sentencing, the district court followed the recommendation of the presentence report and increased Torres' offense level by two levels because of his threat to the pursuing customers.
 
 
 5
 The Guidelines direct that the base offense level for robbery must be increased by two levels "if an express threat of death was made" by the defendant. U.S.S.G. § 2B3.1(b)(2)(D) (1990).[1] The subsection does not identify a specific target to whom the threat need be made. See id.; cf. U.S.S.G. § 2B3.1(b)(3) (1990) (applying upward adjustment to base offense level for robbery "if any victim sustained bodily injury"). The Application Notes to section 2B3.1(b)(2)(D) (1990) give examples of "express threats of death" and state that
 
 
 6
 [t]he court should consider that the intent of the underlying provision is to provide an increased offense level for cases in which the offender(s) engaged in conduct that would instill in a reasonable person, who is a victim of the offense, significantly greater fear than that necessary to constitute an element of the offense of robbery.
 
 
 7
 U.S.S.G. § 2B3.1, comment. (n. 7) (1990). Thus, although the language of the guideline itself is not restrictive, the commentary appears to limit application of this adjustment to situations in which an express threat of death would intimidate a "victim" of the underlying offense. Where the Guidelines describe a specific offense characteristic involving conduct towards the "victim," the "normal reading of that term refers to the victim of the charged [offense]." United States v. Graves, 908 F.2d 528, 530 (9th Cir.1990) (interpreting U.S.S.G. § 2A2.2(b)(3)(A) to permit an upward adjustment only if bodily injury was sustained by the victim of the aggravated assault for which defendant was convicted). Nevertheless, the term "victim" must be understood "in the context of the crime committed." United States v. Muhammed, 948 F.2d 1449, 1456 n. 1 (6th Cir.1991) (applying section 2B3.1(b)(3) adjustment for "bodily injury to a victim" to bank robber who injured pursuing police officer while fleeing from bank, and distinguishing Graves because bank robbery, unlike assault, "cannot be completed without some form of flight or attempted flight, [and] the crime is more naturally understood to include the act of fleeing and the immediate consequences of such flight"), cert. denied, 112 S.Ct. 1239 (1992).
 
 
 8
 Torres concedes that his words to the bank customers constituted an express threat of death. See Eaton, 934 F.2d at 1079. Nevertheless, he argues that the adjustment under section 2B3.1(b)(2)(D) was not applicable because the bank customers who pursued him were not "victims" of the offense. He argues that the only "victim" of his offense was the bank teller, and that the customers were not victims because they voluntarily chased him after the robbery had been completed. We disagree. Torres' attempt to escape was part of the charged offense, and the customers who were present during the robbery and attempted to prevent his escape were therefore properly included among the "victims" of his offense. See Muhammed, 948 F.2d at 1456. The district court did not err by adjusting Torres' offense level for threatening them.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Torres was sentenced on October 16, 1991, his sentence is controlled by the 1990 version of the Sentencing Guidelines