972 F.2d 1346
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Thomas MILLER, Defendant-Appellant.
 No. 91-10602.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 20, 1992.*
Decided Aug. 26, 1992.
 
 1
 Before KOZINSKI and DAVID R. THOMPSON, Circuit Judges, and VON DER HEYDT,** Senior District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Defendant Charles Thomas Miller pled guilty to one count of Bank Robbery in violation of 18 U.S.C. §§ 2113(a) and (d). In sentencing, the district court applied U.S.S.G. § 2B3.1(b)(2)(D) (1990), which provides for a two-level increase in the base offense level when "an express threat of death" is made.
 
 
 4
 On appeal Miller challenges this increase in his offense level, arguing that the note he handed the bank teller during the robbery was not an express threat of death under § 2B3.1(b)(2)(D). The note read:
 
 
 5
 Bomb in bag. Put $45,000 in pillowcase. Do not call cops for 20 minutes after I leave or I will blow up bank.
 
 
 6
 Presentence Report at 2. The presentence report referred the district court to Application Note 7, which provides examples of the types of statements considered express threats of death under the guideline. The court concluded that defendant's demand fit within the descriptions provided in Note 7. Defendant makes the same argument here as he made to the district court: In setting off a silent alarm and following him from the building, the bank employees didn't act threatened and, therefore, his note can't be described as an express threat of death. "The note written by the appellant was nothing more than a delaying tactic designed to facilitate his escape from the scene before the authorities could be contacted." Appellant's Brief at 8.
 
 
 7
 We affirm because the district court's finding of fact underlying the sentence determination is not clearly erroneous. United States v. Wills, 881 F.2d 823, 825 (9th Cir.1989). Moreover, it's consistent with our other decisions applying Section 2B3.1(b)(2)(D). What matters is not whether the threat worked, but whether it was explicit and credible. A note suggesting that the bearer "will blow up the bank" if the police are called within twenty minutes is a clear and express threat of death. Under the guidelines, that's all that matters. See, e.g., United States v. Bachiero, No. 90-50685, slip op. 9267, 9269-70 (9th Cir. Aug. 4, 1992); United States v. Strandberg, 952 F.2d 1149, 1151 (9th Cir.1991); United States v. Eaton, 934 F.2d 1077, 1079 (9th Cir.1991). The defendant's characterization of the note as a mere delaying tactic only makes the point he wants to avoid: A note won't steal him even half a march unless it carries with it some credible threat of death.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable James A. von der Heydt, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3