979 F.2d 852
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth PERSON, also known as Kenneth Eric Person,
Defendant-Appellant.
 No. 92-1226.
 United States Court of Appeals, Sixth Circuit.
 Nov. 17, 1992.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Kenneth Person, a federal prisoner, appeals the sentence imposed by the district court following his guilty plea to two counts of bank robbery in violation of 18 U.S.C. § 2113(a). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). In addition, both parties have waived oral argument.
 
 
 2
 Person was named in a two-count information charging the offenses described above. In committing each robbery, he gave a note to the bank teller which demanded money or else "I'll start shooting." Person entered into a Rule 11 plea agreement in which he agreed to plead guilty to both counts. The government agreed to recommend a 2-level reduction for acceptance of responsibility and a sentence of incarceration not to exceed 70 months. However, because the U.S. Probation Office determined Person's total offense level and his criminal history category to be higher than those specified in the plea agreement, the district court refused to accept the plea agreement unless it was revised to reflect the higher sentencing range calculated by the Probation Office. Person agreed to the revised guideline sentencing range of 92-115 months while reserving his right to appeal a 2-level increase for making an express threat of death and again pleaded guilty. The district court thereupon sentenced him to 100 months imprisonment on each count, to run concurrently, and 3 years supervised release.
 
 
 3
 On appeal, Person argues that his total offense level should not have been increased pursuant to U.S.S.G. § 2B3.1(b)(2)(F) for making an express threat of death.
 
 
 4
 Upon review, we affirm the district court's judgment because that court did not err in ruling that the threat contained in Person's robbery notes constituted an express threat of death within the meaning of § 2B3.1(b)(2)(F). This court reviews de novo a district court's application of a sentencing guideline to a set of undisputed facts. See United States v. Wilson, 920 F.2d 1290, 1294 (6th Cir.1990).
 
 
 5
 Even though Person's notes did not specify that he would start shooting the teller with the purpose of causing her death, they clearly conveyed a threat of death to the person receiving them and, therefore, warranted the 2-level increase. This same conclusion was recently reached in similar circumstances by the Eighth and Ninth Circuits. See United States v. Smith, No. 91-3824, 1992 WL 187838 at * 4 -* 5 (8th Cir. Aug. 10, 1992) (nonverbal indication of a concealed weapon); United States v. Strandberg, 952 F.2d 1149, 1151-52 (9th Cir.1991) ("don't pull the alarm or my friend will start shooting"); United States v. Eaton, 934 F.2d 1077, 1079 (9th Cir.1991) ("give me all your money or I'll shoot").
 
 
 6
 Accordingly, the district court's judgment, entered February 19, 1992, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.