983 F.2d 1078
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jeffrey Dean FORD, Defendant-Appellant.
 No. 92-10159.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 9, 1992.*
Decided Dec. 14, 1992.
 
 Before TANG, PREGERSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jeffrey Dean Ford appeals from his sentence, imposed following a guilty plea, for bank robbery in violation of 18 U.S.C. § 2113(a). Ford contends that the district court erred by adjusting his offense level under the United States Sentencing Guidelines for making an "express threat of death" during the robbery. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 We review de novo the district court's construction and interpretation of the Guidelines. United States v. Eaton, 934 F.2d 1077, 1078 (9th Cir.1991).
 
 
 4
 The Guidelines provide that a defendant's base offense level for robbery shall be adjusted upward by two levels "if an express threat of death was made." U.S.S.G. § 2B3.1(b)(2)(F); United States v. Strandberg, 952 F.2d 1149, 1151 (9th Cir.1991); Eaton, 934 F.2d at 1078-79. Although "express" is not defined in section 2B3.1, the commentary lists several examples of express threats. Each example contains either words or gestures indicating the speaker's intent to cause a potentially fatal consequence.[1] See U.S.S.G. § 2B3.1, comment. (n. 7). The commentary also states:
 
 
 5
 The court should consider that the intent of the underlying provision is to provide an increased offense level for cases in which the offender(s) engaged in conduct that would instill in a reasonable person, who is a victim of the offense, significantly greater fear than that necessary to constitute an element of the offense of robbery.
 
 
 6
 Id.; see Strandberg, 952 F.2d at 1151-52 (upholding adjustment based on admonishment not to pull the alarm "or my friend will start shooting"); Eaton, 934 F.2d at 1079 (upholding adjustment based on note reading "Give Me All Your Money or I'll Shoot"). An express threat need not be specific in order to instill the requisite level of fear in a reasonable person. See Strandberg, 952 F.2d at 1151-52.
 
 
 7
 Here, the facts are not disputed. During the course of the robbery, Ford approached a bank teller and said, "I have a gun. I don't want to hurt you. Give me all of your twenties, fifties, and hundreds." He later said, "Hurry up. I don't want to hurt you." The probation officer concluded that these remarks did not warrant an upward adjustment under U.S.S.G. § 2B3.1(b)(2)(D). Nevertheless, the district court focused on the connection between the words "gun" and "get hurt" and found that these statements constituted an express threat of death.
 
 
 8
 We agree. Ford expressly stated that he had a gun, and a gun is sufficiently likely to cause death that a reasonable person "would experience significantly greater fear than the level of intimidation that is necessary to constitute an element of the offense of robbery." Strandberg, 952 F.2d at 1151; see also United States v. Smith, 973 F.2d 1374, 1377-78 (8th Cir.1992) (applying adjustment where robber had stated that teller "didn't want to find out" whether robbery attempt was a joke while holding his hand under his coat as though he had a gun). The district court properly applied the adjustment.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Examples include: "Give me the money or I will kill you", "Give me the money or I will shoot you," and "Give me the money or else" accompanied by a slashing gesture across the throat. U.S.S.G. § 2B3.1, comment. (n. 7)