983 F.2d 1079
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael MOORE, Defendant-Appellant.
 No. 92-50428.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 21, 1992.*
Decided Dec. 29, 1992.
 
 Before TANG, NOONAN and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Moore appeals his sentence under the United States Sentencing Guidelines imposed following his guilty plea to bank robbery, in violation of 18 U.S.C. § 2113(a). Moore contends that the district court erred by adjusting his offense level upward pursuant to U.S.S.G. § 2B3.1(b)(2)(F) on the ground that he made an "express threat of death" during two robberies. We have jurisdiction under 21 U.S.C. § 1291 and we affirm.
 
 
 3
 We review de novo a district court's interpretation of the Sentencing Guidelines. United States v. Strandberg, 952 F.2d 1149, 1151 (9th Cir.1991); United States v. Eaton, 934 F.2d 1077, 1079 (9th Cir.1991). We review for clear error findings of fact underlying a district court's sentencing decision. United States v. Chapnick, 963 F.2d 224, 226 (9th Cir.1992).
 
 
 4
 The Sentencing Guidelines provide for a two-level increase in a defendant's base offense level if he makes "an express threat of death" during commission of a robbery. U.S.S.G. § 2B3.1(b)(2)(F). The commentary to this section indicates that an express threat of death may take the form of oral or written statements, acts, gestures or a combination of these. Id., comment. (n. 7) (citing as an example an oral or written demand to "[g]ive me the money or I will shoot you"); see Strandberg, 952 F.2d at 1151 (defendant's command to teller not to "pull the alarm or my friend will start shooting" constitutes an express threat of death); Eaton, 934 F.2d at 1079 (same conclusion where defendant gave teller a note during bank robbery stating, "Give Me All Your Money or I'll Shoot"). A district court need not accept a defendant's self-interested statements about his participation in the crime. United States v. Lui, 941 F.2d 844, 849 (9th Cir.1991).
 
 
 5
 Here, Moore admits that during the first robbery he handed a teller a note stating, "This is a robbery. No bait money or I'll shoot," and that during the second robbery he conveyed a nearly identical note stating, "Bank robbery. No bait or I'll shoot." Moore denies, however, that he was aware of the content of the demand notes and claims that they were written for him by friends. Nonetheless, Moore offered no evidence at the sentencing hearing in support of his claim. No handwriting analysis had been conducted on the notes, and Moore did not name any of the friends who allegedly wrote the notes. Further, there was no indication that Moore, who had a 10th-grade education, could not have read the notes even if he did not write them. Finally, Moore used the notes, containing almost identical phrases, in two robberies which he otherwise carried out without assistance. The district court need not accept Moore's unsubstantiated, self-serving statements that friends wrote the notes for him. See Lui, 941 F.2d at 849. There was no clear error in the district court's factual determination that Moore's claim was "unbelievable." See Chapnick, 963 F.2d at 226. The language of the demand notes clearly constitutes an express threat of death under section 2B3.1(b)(2)(F) and is virtually indistinguishable from that cited in the Sentencing Guidelines and our earlier decisions. See U.S.S.G. § 2B3.1(b)(2)(F), comment. (n. 7); Strandberg, 952 F.2d at 1151; Eaton, 934 F.2d at 1077. Accordingly, the district court did not err by adjusting Moore's offense level upward.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3