988 F.2d 126
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kory Allyn THOMLE, Defendant-Appellant.
 No. 92-30317.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1993.*
Decided March 1, 1993.
 
 Appeal from the United States District Court for the District of Oregon, No. CR-92-7-01-HJF; Helen J. Frye, District Judge, Presiding.
 D.Or.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kory Allyn Thomle appeals from his 70-month sentence, imposed following his guilty pleas, for two counts of bank robbery in violation of 18 U.S.C. § 2113(a). Thomle contends that the district court erred by increasing his offense level under the United States Sentencing Guidelines for making an "express threat of death" during one of the robberies. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review de novo the district court's construction and application of the Guidelines. United States v. Eaton, 934 F.2d 1077, 1078 (9th Cir.1991).
 
 
 4
 The Guidelines provide that a defendant's base offense level for robbery shall be adjusted upward by two levels "if an express threat of death was made." U.S.S.G. § 2B3.1(b)(2)(F); United States v. Strandberg, 952 F.2d 1149, 1151 (9th Cir.1991); Eaton, 934 F.2d at 1079. Although "express" is not defined in section 2B3.1, the commentary lists several examples of express threats. Each example contains either words or gestures indicating the speaker's intent to cause a potentially fatal consequence. See U.S.S.G. § 2B1.3, comment. (n. 7); Strandberg, 952 F.2d at 1151-52 (upholding adjustment based on admonishment not to pull the alarm "or my friend will start shooting"); Eaton, 934 F.2d at 1079 (upholding adjustment based on note reading "Give Me All Your Money or I'll Shoot"). An express threat need not be specific in order to instill the requisite level of fear in a reasonable person. See Strandberg, 952 F.2d at 1151-52. Further, the victim may reasonably be frightened by a threat which implies danger to the robber. See U.S.S.G. § 2B1.3, comment. (n. 7) (citing as example the statement "Give me the money or I will pull the pin on the grenade I have in my pocket").
 
 
 5
 Here, Thomle entered a branch of the First Interstate Bank on December 3, 1991, approached a bank teller, and handed her a note which read:
 
 
 6
 There is a man across the street with a detonator to a bomb that he planted in here. You have 15 seconds to fill a money bag or he will blow us all up. He will be watching, so don't do anything stupid.
 
 
 7
 The teller withdrew money from her drawer and placed it in the bag Thomle provided. On December 12, 1991, Thomle again entered the bank and robbed the same teller. He was arrested after the FBI received an anonymous tip identifying him as the robber.
 
 
 8
 Thomle admits that he made the threat, but contends that as a matter of law it could not constitute an express threat of death within the meaning of section 2B3.1(b)(2)(F). He argues that the threat was not "express" because the alleged bomber was not present in the bank or subject to Thomle's control, and that a reasonable person could not have found the threat credible because Thomle would be killed along with the teller if the threat were carried out. We disagree.
 
 
 9
 Thomle expressly threatened that the teller would die if she did not comply with his demands. A reasonable person could find this threat credible, as she was in no position to know the state of mind of either the robber or his accomplice. See U.S.S.G. § 2B3.1, comment. (n. 7). Accordingly, the district court properly applied the adjustment. See Strandberg, 952 F.2d at 1151-52.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3