30 F.3d 134
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kareem M. JACKSON, Defendant-Appellant.
 No. 93-4177.
 United States Court of Appeals, Sixth Circuit.
 June 21, 1994.
 
 1
 Before: GUY and BOGGS, Circuit Judges; and WOODS, Senior District Judge.*
 
 ORDER
 
 2
 Kareem M. Jackson, a federal prisoner, appeals his sentence imposed upon his guilty plea to three counts of bank robbery, in violation of 18 U.S.C. Sec. 2113(a). The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Jackson was indicted in June 1993 on three counts of bank robbery. He told authorities about his involvement in the first two robberies after his arrest in connection with the third. Pursuant to a Rule 11 plea agreement, Jackson pleaded guilty to all three counts. The agreement provided, inter alia, that the government would file a motion for downward departure, pursuant to U.S.S.G. Sec. 5K1.1, p.s., upon Jackson's substantial assistance in the form of truthful testimony against others involved in the robberies. On October 8, 1993, the district court sentenced Jackson to three concurrent prison terms of 57 months, followed by three years of supervised release. The court also ordered restitution in the amount of $7,758, to be paid according to his financial ability. The district court denied Jackson's motion for downward departure pursuant to Sec. 5K2.16, p.s.
 
 
 4
 On appeal, Jackson argues that the district court erred in (1) applying a two-level enhancement for an express threat of death, and (2) denying his motion for downward departure under Sec. 5K2.16, p.s.
 
 
 5
 Upon review, we affirm the district court's judgment because the court did not err in increasing Jackson's offense level, and its denial of the motion for downward departure is not reviewable. This court reviews de novo a district court's application of a sentencing guideline to a set of undisputed facts. See United States v. Wilson, 920 F.2d 1290, 1294 (6th Cir.1990).
 
 
 6
 Section 2B3.1(b)(2)(F) of the Sentencing Guidelines states: "[I]f an express threat of death was made, increase by 2 levels." Jackson argues that, because the notes he handed to the bank tellers did not specifically threaten to shoot them, they did not constitute an express threat of death within the meaning of the guideline. The district court did not err in rejecting this argument. Even though Jackson's notes did not specify that he would shoot the tellers with the purpose of causing their deaths, a reasonable bank teller, upon receiving the note "Don't give me no dye bomb, or I will shoot" would certainly conclude that her life might be in danger. The distinction between handing a particular person a note which threatens to shoot and a note which threatens to shoot that person is negligible. In either case, the teller could infer that the robber's intended shooting target would be her if she did not meet his demands.
 
 
 7
 Other circuits have reached this same conclusion in similar circumstances. See United States v. Hoslett, 998 F.2d 648, 659-60 (9th Cir.1993) ("This is a robbery. Give me the money or I will shoot"); United States v. Lambert, 995 F.2d 1006, 1008 (10th Cir.) (Threat made by accomplice to put money into a bag "or the person behind me will shoot someone"), cert. denied, 114 S.Ct. 333 (1993); United States v. Smith, 973 F.2d 1374, 1377-78 (8th Cir.1992) (Asked if his demand was a joke, a robber placed his right hand under his coat lapel as if he might be concealing a weapon and replied, "You don't want to find out"); United States v. Strandberg, 952 F.2d 1149, 1151-52 (9th Cir.1991) ("Don't pull the alarm or my friend will start shooting").
 
 
 8
 A decision denying a motion to depart downward is not appealable unless the district court incorrectly believed that it could not consider a defendant's mitigating circumstances and exercise discretion to depart under the guidelines. United States v. Brannon, 7 F.3d 516, 521-22 (6th Cir.1993). In the absence of ambiguous statements by the district court concerning its discretion, however, there is a presumption that the court was aware of the law it was called upon to apply. United States v. Russell, 870 F.2d 18, 20 (1st Cir.1989). Jackson argues that his confession to authorities that he was involved in two other bank robberies which involvement, he asserts, would not otherwise have been discovered, justifies a downward departure under Sec. 5K2.16, p.s.
 
 
 9
 It is apparent from the transcript of the sentencing proceeding that the district court recognized its discretion to depart, and hence its decision denying the motion to depart is not reviewable. Although the sentencing judge at first confused the grounds for Jackson's motion with the substantial assistance departure for which a motion by the government is required, the parties pointed out his error. Once the misunderstanding was cleared up, the sentencing judge acknowledged his discretion to depart, but did not feel that Jackson's case was appropriate for the application of Sec. 5K2.16, p.s. Jackson was already implicated in one Columbus bank robbery; it is likely that he would soon have been linked to the other two which occurred in the same area within a brief time span.
 
 
 10
 Accordingly, the district court's judgment, entered on October 26, 1993, is affirmed.
 
 
 
 *
 The Honorable George E. Woods, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation