61 F.3d 913
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee
v.
Timothy Joseph KEEGAN, Defendant-Appellant.
 No. 94-10198.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 1, 1994.*
Decided July 26, 1995.
 
 Before: CHOY, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Timothy Keegan timely appeals the district court's enhancement of his sentence for attempted bank robbery. After conducting an evidentiary hearing, the district court increased Keegan's sentence on the ground that Keegan made an "express threat of death" during the attempted robbery within the meaning of section 2B3.1(b)(2)(F) of the United States Sentencing Guidelines.
 
 
 3
 On November 9, 1993, Keegan entered a Bank of America branch in Sacramento, California, walked over to the loan officer's desk, sat down, and handed the loan officer a hand-written note which stated: "There is six pounds of C-4 explosives in my bag--take me to the cash vault--now." Not having access to the vault, the loan officer took Keegan over to the teller area and asked for the Assistant Operations Officer, who then left to get the keys. While they waited, Keegan warned the loan officer that an accomplice was outside the bank tracking the silent alarm. Apparently nervous because of the delay, Keegan asked the loan officer whether she realized the extent of the explosives he had and "what it would do to the building?" When Keegan and the loan officer entered the safety deposit area, Keegan stepped into the safety deposit booth, removed a box from his duffel bag, and placed the box in the booth.
 
 
 4
 The district court concluded that although Keegan did not explicitly state that he was going to detonate the explosives and kill the loan officer, a reasonable person under the circumstances would infer that Keegan was expressly threatening her life. Accordingly, the district court increased Keegan's offense level by two levels pursuant to section 2B3.1(b)(2)(F) of the Sentencing Guidelines.
 
 
 5
 Keegan contends that he did not make an "express threat of death" within the meaning of section 2B3.1(b)(2)(F). We review the district court's interpretation and application of the Sentencing Guidelines de novo and its factual findings for clear error. United States v. Buenrostro-Torres, 24 F.3d 1173, 1174 (9th Cir.1994) (per curiam).
 
 
 6
 The sentencing guideline for a person convicted of attempted bank robbery requires a two-level upward adjustment of the defendant's offense level if an "express threat of death" was made during the robbery. U.S.S.G. Sec. 2B3.1(b)(2)(F). Application Note 6 in the commentary explains:
 
 
 7
 An "express threat of death," as used in subsection (b)(2)(F), may be in the form of an oral or written statement, act, gesture, or combination thereof ... The court should consider that the intent of the underlying provision is to provide an increased offense level for cases in which the offender(s) engaged in conduct that would instill in a reasonable person, who is the victim of the offense, significantly greater fear than that necessary to constitute an element of the offense of robbery.
 
 
 8
 U.S.S.G. Sec. 2B3.1, cmt. n. 6.
 
 
 9
 This court recently considered an issue nearly identical to the one at bar in United States v. France, No. 94-50245, 1995 WL 358563 (9th Cir. June 16, 1995). In that case, the defendant handed a bank teller a note demanding, "Give me all the 100s and 50s in your drawer. I have dynamite." Id. at * 1. Affirming a two-level enhancement of the defendant's sentence, this court held:
 
 
 10
 What is determinative [in evaluating the existence of an "express threat of death"] is whether a reasonable person, given the conduct of the defendant and the context in which it occurred, would experience significantly greater fear than the level of intimidation necessary to constitute an element of the offense of the robbery.
 
 
 11
 Id. at * 2 (citing United States v. Strandberg, 952 F.2d 1149, 1151 (9th Cir.1991)). This court concluded that France's note would create such a fear in a reasonable person. Id. In so concluding, this court flatly rejected the argument--advanced by Keegan today--that for an "express threat of death" to be present, the robber must explicitly state his intention to blow up the victim unless his demands are met: "[I]t is inconceivable that the Sentencing Commission intended to preclude the adjustment's applicability in this case simply because France failed to add to his statement the magic words, 'and I will use the dynamite if you don't give me the money.' " Id. at * 4.
 
 
 12
 As in France, a reasonable person in the loan officer's position would "experience significantly greater fear than the level of intimidation necessary to constitute an element of the offense of robbery." Id. at * 2. As in France, Keegan asserted that he had explosives. Under France, this communication alone would amount to an "express threat of death." In addition, whereas France did not show the bank employees the dynamite or anything resembling a weapon, Keegan removed from his duffel bag a box which could have contained the explosives in the presence of the loan officer. Keegan's demand note stating he had explosives in his bag, removal of a box from his duffel bag, statement about an accomplice, and rhetorical question about the explosives and what they would do to the bank would instill in a reasonable bank employee a significantly greater fear than was necessary to constitute an element of the offense of robbery.[1] Thus, the district court properly ruled that Keegan's words and conduct constituted an "express threat of death" within the meaning of section 2B3.1(b)(2)(F) of the Sentencing Guidelines. The district court's decision is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Keegan argues that the evidence does not support a finding that the loan officer experienced fear significantly greater than that required for the offense of robbery. Keegan contends that the loan officer admits that she "was very calm" and returned to work the next day. Keegan distorts the record. The loan officer testified that she was afraid, but that she remained calm under pressure because she did not want Keegan to harm her or anyone else in the building. She further testified that she believed that Keegan was threatening to blow up the building and that there was a reasonable possibility that he would do so. More importantly, this court interprets Application Note 6 as requiring the district court to apply an objective inquiry into a victim's perception of the threat. France, 1995 WL 358563 at * 2. Thus, the question is not what the loan officer subjectively experienced, but whether a "reasonable person" would experience the requisite fear