129 F.3d 128
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Paul Alexander DAVALOS-PEREZ, Defendant-Appellant.
 No. 96-16891.
 United States Court of Appeals, Ninth Circuit.
 Oct. 23, 1997.
Submitted October 20, 1997**
 
 Appeal from the United States District Court for the District of Arizona
 Before: THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Robert C. Broomfield, Chief Judge, Presiding
 
 
 3
 Paul Alexander Davalos-Perez, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 petition challenging the sentence imposed following his guilty plea to four counts of bank robbery in violation of 18 U.S.C. § 2113(a). Davalos-Perez contends that he received ineffective assistance of counsel when his counsel failed to object to: (a) the presentence report's ("PSR") treatment of two of his prior convictions as not being "related cases," and (b) the two-point enhancements for "express threat of death" imposed for two of the four bank robbery counts. We have jurisdiction pursuant to 28 U.S.C. § 2255. We review de novo the district court's interpretation and application of the Sentencing Guidelines, and we review for clear error the findings of fact underlying the district court's sentencing decisions. See United States v. France, 57 F.3d 865, 866 (9th Cir.1995); United States v. Davis, 922 F.2d 1385, 1388 (9th Cir.1991). We affirm.
 
 
 4
 In order to prevail on a claim of ineffective assistance, a defendant must show both that his counsel's performance was ineffective and that this prejudiced his case. See Strickland v. Washington, 466 U.S. 668, 688 (1984); Shah v. United States, 878 F.2d 1156, 1159 (9th Cir.1989). If it is possible to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, the court may do so without examining the performance prong. See Strickland, 466 U.S. at 697.
 
 A. Related Cases
 
 5
 Pursuant to U.S.S.G. § 4A1.2(a)(2) prior sentences imposed in "related cases" are treated as one sentence for purposes of computing a defendant's criminal history. Application Note 3 to U.S.S.G. § 4A1.2(a)(2) states that prior sentences are considered "related" if they were consolidated for trial or sentencing. However, Application Note 3 does not apply where a court consolidates for sentencing a revocation of probation on one conviction with the imposition of a sentence for a new criminal conviction. See United States v. Palmer, 946 F.2d 97, 98-100 (9th Cir.1991).
 
 
 6
 Here, in May of 1988, Davalos-Perez was sentenced to probation for a forgery conviction. In November of 1988, Davalos-Perez was arrested for theft and sentenced in February of 1989 to one year and five months imprisonment. Upon sentencing for the theft conviction, the state court revoked Davalos-Perez's probation for the forgery conviction, and resentenced him to one year and five months to run concurrently to his sentence for the theft conviction. The probation revocation and resentencing for the forgery conviction, and sentencing on the new theft conviction did not render the cases related pursuant to section 4A1.2(a)(2). See Palmer, 946 F.2d at 98-100.
 
 
 7
 Davalos-Perez contends that the theft and forgery convictions are related because during the February 1989 hearing the state court offered Davalos-Perez the opportunity to withdraw from his guilty plea to the theft charge because the court intended to impose a higher restitution than that contemplated by the original plea. Davalos-Perez opted to accept the higher restitution imposed and not withdraw from the plea. This fact does not render the forgery and theft convictions "related cases." Accordingly, counsel's failure to object to the PSR's calculation of Davalos-Perez's criminal history category on this basis was not prejudicial. See Strickland, 466 U.S. at 697.
 
 B. Express Threat of Death
 
 8
 Pursuant to U.S.S.G. § 2B3.1(b)(2)(F) the base offense level for robbery is increased by two points if the defendant makes "an express threat of death." Application Note 6 to section 2B3.1 provides that a threat of death may be made in the form of "an oral or written statement, act, gesture, or combination thereof." See United States v. Bachiero, 969 F.2d 733, 734 (9th Cir.1992) (per curiam). We apply an "objective, rather than a subjective, inquiry into how a victim perceived the threat." France, 57 F.3d at 866. The inquiry is whether a reasonable person, given the defendant's conduct and the context of the situation, would experience significantly greater fear than the level of intimidation necessary to constitute an element of the offense of robbery. See id.; United States v. Strandberg, 952 F.2d 1149, 1151 (9th Cir.1991).
 
 
 9
 Here, during the commission of one of the bank robberies Davalos-Perez gave the bank teller a note which stated: "Don't yell. Empty the cash into the bag. Do it in 30 seconds or you'll get a bullet." During the commission of another bank robbery Davalos-Perez presented the teller with a similar note which warned that if the teller did not give him the money in 30 seconds, he would put a hole in her chest.
 
 
 10
 Davalos-Perez's contention that the enhancement should not apply because the threats were only written and not oral is meritless. See Bachiero, 969 F.2d at 734. Likewise, Davalos-Perez's contention that the application of the enhancement should depend on how the victims subjectively perceived the threat lacks merit. See France, 57 F.3d at 866. Davalos-Perez's threats to shoot a bullet and put a hole in the teller's chest would lead a reasonable person to experience significantly greater fear than the level of intimidation necessary for the robbery. See Strandberg, 952 F.2d at 1151. Finally, to the extent Davalos-Perez contends that counsel failed to object to the PSR relying on the victims' recollections in order to ascertain the content of the notes which were lost, his contention is belied by the record. The sentencing transcript shows that counsel raised an objection on this basis. Because there was no other basis for counsel to object to the "express death threat" enhancement, counsel's failure to do so does not constitute ineffective assistance. See Strickland, 466 U.S. at 688.
 
 
 11
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3