947 F.2d 952
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Terrill Revell SCROGGS, Defendant-Appellant.
 No. 91-30111.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 23, 1991.*
Decided Oct. 25, 1991.
 
 Before SNEED, HUG and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Terrill Revell Scroggs appeals his sentence, following a guilty plea to four counts of bank robbery in violation of 18 U.S.C. § 2113(a). Scroggs contends that the district court erred by adjusting his base offense level under the United States Sentencing Guidelines for making an express threat of death during one of the robberies. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 We review de novo the district court's construction and interpretation of the Guidelines. United States v. Eaton, 934 F.2d 1077, 1078 (9th Cir.1991).
 
 
 4
 A defendant's offense level under the Guidelines is calculated based on all acts "committed ... by the defendant ... during the commission of the offense of conviction, ... or in the course of attempting to avoid detection or responsibility for that offense, or that otherwise were in furtherance of that offense." U.S.S.G. § 1B1.3(a)(1). The Guidelines provide for a two-level upward adjustment in the offense level for robbery "if an express threat of death was made." U.S.S.G. § 2B3.1(b)(2)(D); Eaton, 934 F.2d at 1078-79. The threat may be made orally or in writing, and the Guidelines commentary cites "Give me the money or I will shoot you" as an example of an express threat of death. U.S.S.G. § 2B3.1, comment. n. 7.
 
 
 5
 Here, Scroggs admitted that he presented the teller with a written note stating he had a gun, and that after the teller had placed money in a bag, Scroggs took the bag and made a statement to the effect of "If anyone follows me, I'll shoot." He argues that because he did not say "I'll shoot you" or otherwise direct the threat to shoot at any one individual, the threat of death was implied rather than express. We have already rejected the idea that a threat must contain the word "you" before it will instill the level of fear contemplated by the Guidelines. See Eaton, 934 F.2d at 1079 (upholding adjustment based on note which read "Give Me All Your Money or I'll Shoot"). The distinction Scroggs attempts to draw is meaningless.
 
 
 6
 Scroggs further argues that because he took physical possession of the money before uttering the threat, the threat did not occur "during" the offense. Nonetheless, the threat was clearly an act "in furtherance of" the robbery, and the district court did not err by including that conduct in the Guidelines calculation.[1] See U.S.S.G. § 1B1.3(a)(1).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Guidelines commentary states that the intent of this adjustment is to provide a sentence enhancement for defendants who engage in conduct "that would instill in a reasonable person, who is a victim of the offense, significantly greater fear than that necessary to constitute an element of the offense of robbery." U.S.S.G. § 2B3.1, comment. n. 7. We have already held that the express threat described in section 2B3.1(b)(2)(D) is not an element of the offense of bank robbery under 18 U.S.C. § 2113(a). Eaton, 934 F.2d at 1079. We reject Scroggs' apparent argument that the commentary requires the district court to consider only threats uttered during the act of physically "taking" property or money