972 F.2d 1347
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Randall WILLIAMS, Defendant-Appellant.
 No. 91-30252.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1992.
Decided Aug. 6, 1992.
 
 ORDER
 The Memorandum disposition filed May 7, 1992 in the above-entitled case is hereby WITHDRAWN and the attached Memorandum disposition is certified for filing.
 Before HUG, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Randall Williams appeals his sentence under the Sentencing Guidelines (Guidelines) following his guilty plea to manufacturing marijuana plants and maintaining a place for the manufacture of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 856(a)(1). Williams contends that the district court erred by considering the information of a confidential informant in its decision to add the 30 marijuana plants found in his codefendant's residence to the 79 plants found in Williams' residence in its calculation of Williams' offense level.[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's construction and interpretation of the Guidelines. United States v. Eaton, 934 F.2d 1077, 1078 (9th Cir.1991). Findings of fact underlying a sentencing determination are reviewed for clear error. United States v. Burns, 894 F.2d 334, 336 (9th Cir.1990).
 
 
 4
 Williams contends that the district court erroneously relied on information from a confidential informant indicating that Williams and his codefendant were acting as partners or acting in a way which would make each responsible for the marijuana grown by the other. Williams argues that because the informant's claims were not shown to be reliable, and were grossly exaggerated and most likely false, the district court should not have considered them in its sentencing determination. Williams also appears to contend that absent the information provided by the informant, a finding of such a joint undertaking would not be possible.
 
 
 5
 In sentencing a defendant, the district court is not restricted to evidence that would be admissible at trial and may consider any information that has sufficient indicia of reliability to support its probable accuracy. U.S.S.G. § 6A1.3(a); United States v. Burns, 894 F.2d 334, 337 (9th Cir.1990). The district court may consider hearsay information in sentencing a defendant. United States v. Fernandez-Vidana, 857 F.2d 673, 675 (9th Cir.1988). "Only when the hearsay is so inadequately supported that the factual basis for believing it is almost nil can it be argued that the evidence should not have been considered." Id. Although sentencing factors need not be proven beyond a reasonable doubt, due process requires that the district court make factual determinations underlying application of the Guidelines by a preponderance of the evidence. United States v. Wilson, 900 F.2d 1350, 1354 (9th Cir.1990).
 
 
 6
 In determining a defendant's base offense level, the district court is to consider "all acts and omissions committed or aided and abetted by the defendant for which the defendant would be otherwise accountable that occurred during the commission of the offense of conviction, ... or that otherwise were in furtherance of that offense." U.S.S.G. § 1B1.3(a)(1). "In the case of criminal activity undertaken in concert with others, whether or not charged as a conspiracy, the conduct for which the defendant 'would be otherwise accountable' also includes conduct of others in furtherance of the execution of the jointly-undertaken criminal activity that was reasonably forseeable by the defendant." U.S.S.G. § 1B1.3, comment. (n. 1).
 
 
 7
 Here, the district court determined that the information provided by the informant was credible because it was consistent with other evidence presented at Williams' suppression hearing. On this record, we cannot say that the district court's credibility determination as to the information from the informant was clearly erroneous. See Burns, 894 F.2d at 336. Thus, because the information had sufficient indicia of reliability to support its probable accuracy, the district court was entitled to consider the information in its sentencing determination. See id.
 
 
 8
 In addition to the information provided by the informant, the district court also relied on evidence that Williams' codefendant and father Clarence Williams' name was on his electrical power account, and that Williams' codefendant admitted to the probation officer who prepared the presentence report that he was growing marijuana plants at his own and at Williams' residence. The district court also considered Williams' statement to the probation officer that he had received the 79 marijuana plants from his codefendant. Williams does not contest the district court's consideration of this evidence. In light of this evidence, the district court did not clearly err by finding that the marijuana growing operation was a joint undertaking between Williams and his codefendant. Thus, Williams is accountable for the marijuana found at his codefendant's residence in addition to that found at his own residence. See U.S.S.G. § 1B1.3, comment. (n. 1); see also United States v. Turner, 898 F.2d 705, 710-11 (9th Cir.), cert. denied, 110 S.Ct. 2574 (1990).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Williams' base offense level was determined to be 26 based on the total of 109 marijuana plants found at both his and his codefendant's residences. The presentence report erroneously lists the total number of plants considered as 110. This error is harmless, however, as the offense level remains at 26 if the number of plants is at least 100 but less than 400. The offense level was reduced to 24 for acceptance of responsibility. With this offense level and a criminal history category of IV, the Guidelines range is 77 to 96 months. The district court departed downward and sentenced Williams to 63 months imprisonment