995 F.2d 233
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Geoffrey Edwards ARMSTRONG, Defendant-Appellant.
 No. 92-50563.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 25, 1993.*
Decided June 1, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMANDUM**
 
 
 2
 Geoffrey Edwards Armstrong appeals the sentence of 41 months' incarceration, imposed under the United States Sentencing Guidelines (Guidelines), following his conviction by guilty plea for bank robbery in violation of 18 U.S.C. § 2113(a). Armstrong claims the district court erred, first, by increasing his sentence based on a finding that he made an express threat of death during the robbery and, second, by declining to grant him a downward departure in light of his lack of youthful guidance or extraordinary circumstances. We have jurisdiction under 28 U.S.C. § 1291 to review only the first of Armstrong's claims and we affirm.
 
 A. Upward Adjustment
 
 3
 U.S.S.G. § 2B3.1(b)(2)(D) "provides for a two-level increase to a defendant's offense level for the offense of robbery 'if an express threat of death was made.' " United States v. Eaton, 934 F.2d 1077, 1079 (9th Cir.1991) Application Note 8 to this section explains that the adjustment is appropriate in "cases in which the offender(s) engaged in conduct that would instill in a reasonable person, who is a victim of the offense, significantly greater fear than that necessary to constitute an element of the offense of robbery." We review de novo Armstrong's challenges to the district court's construction and interpretation of the Sentencing Guidelines. Eaton, 934 F.2d at 1078 (citing United States v. Carvajal, 905 F.2d 1292, 1294 (9th Cir.1990).
 
 
 4
 Armstrong's codefendant, Robbins, testified that Armstrong wrote a demand note, which read, "this is a robbery, give me all of your money and don't do anything stupid." The bank teller recalled a note saying "it was a robbery and that they would kill me if I didn't give them the money." Armstrong reported to the probation office that the note read, "This is a robbery. Give me the large bills, don't be stupid or I'll kill you." The government proffered a demand note threatening death which was found in a planter located outside the bank. The appellant suggests that two notes were written, only one of them threatening death. He argues that the evidence permits an inference that the gentler note was presented to the teller, and the other thrown away.
 
 
 5
 He argues further that, according to her own testimony, the bank teller was angry more than frightened, and that she did not surrender all her large bills. Therefore, he concludes, the note did not instill in her enough fear to warrant increasing his sentence.
 
 
 6
 In light of the evidence, we uphold the district court's conclusion that the demand note contained an explicit threat of death. Moreover, we agree that, whatever feelings the note inspired in the victim teller, the threat was sufficient to instill in a "reasonable person" greater fear than that necessary to constitute an element of the offense. That is all the Guidelines require. Accordingly, we affirm the enhancement.
 
 B. Downward Departure
 
 7
 Armstrong contends that his sentence should be vacated and remanded for reconsideration because the district court denied him a downward departure without the benefit of our decision in United States v. B. Roe, 976 F.2d 1216 (9th Cir.1992), which held that the psychological effects of childhood abuse could warrant a downward departure in extraordinary circumstances. Roe, 976 F.2d at 1218. We lack jurisdiction to review a sentencing court's discretionary decision not to depart downward. United States v. Belden, 957 F.2d 671, 676 (9th Cir.), cert. denied, 113 S.Ct. 234 (1992).
 
 
 8
 Armstrong's motion for departure was denied on September 14, 1992. His codefendant's similar motion was granted two weeks later. Roe was filed on September 18, 1992. Although neither party nor the district court mentioned Roe at Robbins' sentencing hearing, Armstrong argues that "the court may have been aware of Roe, which influenced its decision to grant a downward departure for Robbins." He suggests that the district court did not know at the time he was sentenced that it could consider "extraordinary circumstances" to warrant a departure.
 
 
 9
 The record does not support these speculations. The district court considered Armstrong's difficult childhood and concluded, "although I agree apparently it is not either happy or a very well adjusted childhood I don't think it's an appropriate case for the exercise of discretion in terms of downward departure.... it's somewhat of a stretch to find all of the factors that went into the Floyd case."
 
 
 10
 Without citing Roe, the district court granted Robbins' motion for downward departure in light of his "youthful lack of guidance," citing the extreme physical abuse and abandonment Robbins had suffered. The district court acknowledged denying the same downward departure in Armstrong's case, but said, "I think this is obviously much more than a case of unhappy childhood, and I think it's very close to the Floyd factor."
 
 
 11
 Because the record shows the district court weighed the facts of Armstrong's and Robbins' cases separately, and denied Armstrong's motion in an exercise of its discretion, we are without jurisdiction to review this claim on appeal. See Belden, 957 F.2d at 676.
 
 
 12
 AFFIRMED IN PART AND DISMISSED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3