2 F.3d 1159
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Henry Ignacio PEREZ, Defendant-Appellant.
 No. 92-50626.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1993.*
Decided July 8, 1993.
 
 Before CANBY, FERNANDEZ and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Henry Ignacio Perez appeals his 105-month sentence imposed following entry of his guilty plea to unarmed bank robbery in violation of 18 U.S.C. Sec. 2113(a).
 
 
 3
 Counsel for Perez filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), which identified three possible issues for review: (1) whether the district court erred by not departing downward on the basis of Perez's overrepresented criminal history, (2) whether the district court erred by making a two-level upward adjustment in Perez's United States Sentencing Guidelines offense level for an express threat of death, and (3) whether the sentence imposed was unconstitutionally disproportionate to the crime committed. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 4
 Where as here, the district court understood that it had legal authority to depart downward from the Guidelines sentencing range but chose not to do so, we lack jurisdiction to review the refusal to depart downward. See United States v. Belden, 957 F.2d 671, 676 (9th Cir.), cert. denied, 113 S.Ct. 234 (1992). Further, the district court properly determined that Perez's oral statement "Give me money or I'll shoot you all" warranted the two-level upward adjustment. See United States v. Eaton, 934 F.2d 1077, 1079 (9th Cir.1991) (demand note which stated "Give Me All Your Money or I'll Shoot," constituted an express threat of death); see also, U.S.S.G. Sec. 2B3.1, comment. (n. 7). Finally, the 105-month sentence imposed for an offense with a statutory maximum sentence of 240 months' imprisonment, see 18 U.S.C. Sec. 2113(a), was not constitutionally disproportionate to the offense committed. See United States v. Klein, 860 F.2d 1489, 1495 (9th Cir.1988) (Congress has broad discretion to set the punishments for a crime, and sentence imposed within statutory limits cannot be overturned as a violation of the Eighth Amendment unless totally out of proportion to the severity of the crime).
 
 
 5
 The motion of counsel to withdraw is GRANTED and the judgment is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3