24 F.3d 250
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Randy Gordon HAINES, Defendant-Appellant.
 No. 93-10568.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1994.*
Decided April 28, 1994.
 
 Before: POOLE, BEEZER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Randy Gordon Haines appeals the 65-month sentence imposed following his guilty plea to bank robbery in violation of 18 U.S.C. Sec. 2113(a). Haines claims the district court did not find the requisite fact to warrant increasing his base offense level pursuant to U.S.S.G. Sec. 2B3.1(b)(2)(F), which authorizes such an adjustment where, in the course of a bank robbery, an express threat of death is made. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review de novo the district court's construction and interpretation of the Guidelines. United States v. Eaton, 934 F.2d 1077, 1078 (9th Cir.1991). "In resolving objections to the presentence report, 'the district court should make clear on the record its resolution of all disputed matters, and ... specific findings of fact are to be encouraged.' " United States v. Rosales, 917 F.2d 1220, 1222 (9th Cir.1990) (quoting United States v. Rigby, 896 F.2d 392, 394 (9th Cir.1990)). We review for clear error the factual findings that underlie a criminal sentence. United States v. Sanchez, 908 F.2d 1443, 1447 (9th Cir.1990).
 
 
 4
 Haines was drunk on February 3, 1993, when he robbed a Bank of America in Las Vegas, Nevada. The victim teller remembers him presenting her with a demand note stating, "I have a gun--give me $1800 ... Do it quickly or I'll shoot and you will dye." She remembers Haines telling her not to give him anything that would let anyone know he had the money. Haines left with the demand note, and later burned it.
 
 
 5
 Three weeks later, Haines was arrested in Michigan. He confessed to the bank robbery, but did not mention threatening the teller. At sentencing, Haines argued that his note did not threaten death, but rather, instructed the teller to give him no dye packs.
 
 The district court stated:
 
 6
 Well, you know, we have reports which reflect that Mr. Haines did not say anything about shooting or dying, and we've got the personal statement of [the teller], and the FD302 reflecting the interview which say pretty much the same thing, including "do it quickly or I will shoot and you will dye," D-Y-E. That suggests to me that the statement was made to the victim teller.... I'm not saying there weren't other messages.... But the combination of, I have a gun--or I will shoot and I have a gun and you will dye, it seems to me that warrants the treatment as an express threat of death.
 
 
 7
 Haines argues that the district court's conclusion, "[t]hat suggests ... that the statement was made," was an insufficient factual finding upon which to base a sentencing enhancement. We disagree.
 
 
 8
 The record discloses the relevant evidence, its sources, the point of conflict, and the district court's resolution of the conflict. We hold the district court's findings adequate to satisfy Fed.R.Crim.P. 32(c)(3)(D), see Rosales, 917 F.2d at 1222, and we discern no clear error, see Sanchez, 908 F.2d at 1447. The enhancement was proper. See Eaton, 934 F.2d at 1078 (adjustment appropriate when note stated "Give Me All Your Money or I'll Shoot").
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3